# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 8, 2008 Session

## STATE OF TENNESSEE v. TAB VIRGIL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 04-05409    W. Otis Higgs, Jr., Judge**

**No. W2006-02346-CCA-R3-CD  - Filed February 14, 2008**

This matter is before the court upon the Defendant's appeal from an order of the trial court denying the Defendant's motion to withdraw his guilty pleas. The Defendant now appeals, contending that: (1) the trial court erred when it denied his motion to withdraw his guilty pleas because his guilty pleas were not knowingly, voluntarily and understandingly entered; and (2) his intended sentences could not be achieved by operation of law. Because we conclude that the defendant's guilty pleas were not knowingly, voluntarily and understandingly entered, we reverse the order of the trial court and remand to the trial court for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

J.C. McLin, J., delivered the opinion of the court, in which Alan E. Glenn, J., joined. David G. Hayes, J., filed a concurring opinion.

Javier Michael Bailey, Memphis, Tennessee, for the appellant, Tab Virgil.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and John Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts

On April 26, 2006, the Defendant entered concurrent "best interest" or Alford[1] pleas to criminal attempt, to wit, murder in the second degree, a Class B felony, and convicted felon in possession of a handgun, a Class E felony. The Defendant received an effective sentence of twelve-

---

[1] Provided there is a factual basis for entry of the guilty plea, a defendant may enter a guilty plea and maintain his innocence if the defendant determines that the guilty plea is in his best interest. *See North Carolina v. Alford*, 400 U.S. 25 (1970).

years to be served at the Tennessee Department of Correction and by agreement, the actual place of confinement was with the Federal Bureau of Prisons, contingent upon acceptance. After being notified that the Federal Bureau of Prisons had rejected his application to be housed in a federal facility, the Defendant moved the court to allow him to withdraw his guilty pleas, stating that the pleas were not knowingly, voluntarily, and understandingly entered. The motion was denied.

### Excerpts From Plea Submission Hearing

At the plea submission hearing the prosecuting attorney, Assistant District Attorney John Campbell, stated that according to the plea agreement, the Defendant would plead guilty in exchange for a total effective sentence of twelve-years at the Tennessee Department of Correction and that the State had no opposition to the actual place of confinement being the Federal Bureau of Prisons, contingent upon their acceptance of the Defendant.

Mr. Campbell explained:

. . . . One part of our discussion has been the fact that Mr. Virgil has been convicted in Federal Court for a gun charge. Mr. Bailey is going to seek to see whether he can have his time served in Federal - - in Federal Court. And I told Mr. Bailey that I have no control over that. I don't oppose that if they can work out an agreement with the Federal government. If they will take him, that's fine with me. I have no opposition to that. And actually have absolutely no control over it. So that was what I wanted to make sure that was clear. The plea's not contingent on that happening. It's basically that I'm not opposed to it. If they can work it out, that's perfectly fine.

Attorney Javier Michael Bailey, representing the Defendant in federal and state courts, responded:

And I will state on the record that - - just because Mr. Virgil has asked me to - - that I did talk with the Federal Bureau of Prisons, and they said that so long as I had written on the judgement [sic] sheet to be served in the Federal Bureau of Prisons, then they would start the process of accepting Mr. Virgil into the Federal Bureau of Prisons, as long as Mr. Campbell did not have any opposition.
Mr. Campbell: I don't have any opposition. I believe that's up to the Bureau of Prisons whether they will agree to that or not.
The Court: All right.

The trial court proceeded to explain to the defendant his rights to a trial by jury and his waiver of those rights. When asked if he understood the rights explained in the petition and the waiver of those rights, the defendant responded as follows:

Defendant: I had one question.
. . . .

When you say concurrent, I just want to make sure that it's concurrent with my Fed time and not just my - - my State charges ran concurrent.

Mr. Bailey: The way this will happen, Your Honor, would be, and this agreement I have with Mr. Campbell, is that Mr. Campbell, has agreed not to interfere with my having Mr. Virgil moved over to the Federal institution. They have put on the judgement [sic] sheets that he can serve his time in the Federal institution, contingent upon their accepting him over there. Without an objection from Mr. Campbell, I've got an agreement with them, basically, that they're going to accept him.

Court: All right.

Mr. Bailey: If he's accepted over there, he's essentially serving everything, one time, in the Federal institution. I told him I would say that on the record. I just forgot to do that.

Mr. Campbell: I just want to make clear, because I talked to Mr. Bailey about it. I have no control over, you know, saying it's going to be concurrent or consecutive with a Federal sentence. It's up to the Federal Bureau of Prisons. So I can't make an agreement like that.

Mr. Bailey: I explained that to him.

Mr. Campbell: Which is why I didn't put that on that on there.

Court: You're not joining in on it, but neither are you opposing it.

Mr. Campbell: That's correct.

Court: Do you understand that?

Defendant: Yes, sir.

Mr. Bailey: I've explained that to him. And I'm sorry Judge. I know it's a little complicated.

After further advising the Defendant regarding the waiver, the court proceeded to ask:

Court: Is there anything you want to say about this, sir?

Defendant: No, Your Honor.

Court: All right. Now, if I understand it, and let me be certain I understand what we're doing here, in 04-05409, count one, the State is recommending twelve years in the custody of the Tennessee Department of Corrections. Is that your understanding?

Defendant: My understanding is in the Fed.

Court: Well, the actual place - - the actual place of confinement is the Federal Bureau of Prisons, but I can't sentence you there. I sentence you to the Tennessee Department of Corrections. And by agreement, your time will be served in the Federal Prison. Do you understand?

Defendant: Okay.

Court: So it's a twelve year sentence at thirty percent, a standard offence [sic]. Standard range. Is that your understanding?

Defendant: Yes.

The parties continued as follows:

Court: All right. Is there anything further?

Mr. Bailey: I don't have anything else. I will just state for the record, it's my intent to - - Mr. Tony Argon[2] is the - - I would ask the Court to - - well, I don't know how we could do that - - he - - it's my intent to get with Mr. Tony Argon and prepare a writ to have him moved to Mason. But I can't - - the Court can't control that.

Court: Well, that's fine with me. Whatever you do.

Mr. Bailey: Nothing else.

Court: Whatever you do, that's fine with me. I don't have anything to do with that.

Mr. Bailey: Sure.

Court: Do you understand what your lawyer said? He's going to - - the paperwork necessary to get you into Federal custody, all of that's got to be done. All that's by agreement that he has worked out. Now, really the - - Mr. Bailey, for lack of a better of putting it - - it's going once, twice, three times, anything?

Mr. Bailey: Nothing, Judge.

At the conclusion of the plea discussion, the court proceeded to announce the sentences as follows:

Court: All right. I'm going to go on the sentence in hand. All right, Mr. Virgil, in 04-05409 count one, charging criminal attempt murder in the first degree, upon your plea of guilty to criminal attempt murder in the first degree, it's the - -

Mr. Bailey: Murder second.

Court: I'm sorry. Murder second degree. The original charge was criminal attempt murder first degree is being reduced to criminal attempt murder second degree. Upon your plea of guilty to the offence [sic], murder second, it's the judgement [sic] of this court that you be confined for twelve years to the custody of the Tennessee Department of Corrections, for which let mitimus [sic] and execution issue. And by agreement, the sentence will be served in the Federal Bureau of Prisons. In 04-05409, count two charging a convicted felon in possession of a handgun, upon your plea of guilty as charged, it's the judgement [sic] of this court that you be confined for two years in the custody of the Tennessee Department of Corrections, for which let mitimus [sic] and execution issue. And this sentence will be served concurrent with count one.

## ANALYSIS

The Defendant contends that: (1) the trial court erred in denying his motion to withdraw his guilty pleas; and (2) his intended sentence could not be achieved by operation of law.

---

[2] We glean from the record that Tony Argon was an official in charge of transportation of prisoners.

-4-

## I. Standard of Review

Upon entrance of a guilty plea, it "cannot later be withdrawn as a matter of right." *State v. Mellon,* 118 S.W.3d 340, 345 (Tenn. 2003) (citing *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)); *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005). Whether a defendant should be allowed to withdraw his guilty plea is within the sound discretion of the trial court. *Mellon*, 118 S.W.3d at 345-46 (citing *Henning v. State*, 201 S.W.2d 669, 671 (1947)). On appeal, "[t]he trial court's decision 'will not be reversed unless it clearly appears that there was an abuse of discretion.'" *Crowe,* 168 S.W.3d at 740 (quoting *Henning*, 201 S.W.2d at 671). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." *Id.* (citing *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995)).

## Guilty Plea

The Defendant contends that his guilty pleas were not knowingly, voluntarily and understandingly entered. Specifically, the Defendant maintains that he entered the pleas believing his state and federal sentences would be served concurrently while in federal custody. The State argues that the Defendant is not entitled to relief because the record of the guilty plea submission hearing establishes that the Defendant entered his guilty pleas knowingly, voluntarily and understandingly. Further, it was made abundantly clear at the plea submission hearing that the pleas were not contingent upon Defendant serving his state and federal sentences concurrently and at a federal facility.

The withdrawal of a plea of guilty is governed by Rule 32(f) of the Rules of Criminal Procedure. This rule provides:

> A guilty plea may be withdrawn before sentence is imposed for any fair and just reason; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw his plea.

The Defendant moved to withdraw his guilty plea in this case after sentencing, but before the judgment became final.[3] In order to prevail on his motion, he must show that his guilty plea should be set aside to correct a "manifest injustice." Moreover, the Defendant has the burden of establishing that he should be allowed to withdraw his guilty plea to prevent a manifest injustice. *State v. Turner,* 919 S.W.2d 346, 335 (Tenn. Crim. App. 1995).

Rule 32(f) does not define "manifest injustice," however, courts have identified circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. *See Turner,* 919 S.W.2d at 355; *State v. Evans,* 454 S.E.2d 468, 473 (Ga.1995). Withdrawal to correct

---

[3] Defendant entered guilty pleas, and was sentenced on April 26, 2006. The motion to withdraw guilty pleas was filed on May 16, 2006.

manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland,* 373 U.S. 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

In the case under submission, the trial court by order dated October 4, 2006, denied Defendant's request to withdraw his guilty pleas. No further explanation was given in the order.

The plea must, of course, be knowingly, voluntarily and understandingly entered, and if it was induced by promises, the essence of those promises must in someway be made known. *Santobello v. New York,* 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971). "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Id.*

We conclude that the record in this case established that his pleas were not knowingly, voluntarily, and understandingly entered and that the pleas were entered through a misunderstanding as to their effects. Therefore, we conclude that the trial court erred by denying his motion to withdraw the guilty pleas. The transcript of the plea submission hearing reflects that even though the trial court and parties participating in the plea submission hearing made a valiant effort to explain to the defendant the ramifications of his pleas as they related to his place of confinement and concurrent sentences, there was a misunderstanding as to their effects. Admittedly, the Defendant signed plea waiver[4] agreements in which he stated that his pleas had been knowingly, voluntarily and understandingly entered and that his concurrent state and federal sentences were contingent upon acceptance by the Federal Bureau of Prisons. Nevertheless, testimony at the plea submission hearing clearly reflects that the Defendant entered his pleas with the intent of serving his sentences concurrently at a federal facility.

When asked by the trial court during the plea colloquy if he understood the rights explained to him, the Defendant responded as follows:

> Defendant: I had one question. When you say concurrent, I just want to make sure that it's concurrent with my Fed time and not just my - - my State charges ran concurrent.

Defense counsel then proceeded to explain to the Defendant the procedure as follows:

---

[4] A plea waiver being a document containing the legal rights of a Defendant.

Mr. Bailey: The way this will happen, Your Honor, would be, and this agreement I have with Mr. Campbell, is that Mr. Campbell, has agreed not to interfere with my having Mr. Virgil moved over to the Federal institution. They have put on the judgement [sic] sheets that he can serve his time in the Federal institution, contingent upon their accepting him over there. Without an objection from Mr. Campbell, I've got an agreement with them, basically, that they're going to accept him.
Court: All right.
Mr. Bailey: If he's accepted over there, he's essentially serving everything, one time, in the Federal institution. I told him I would say that on the record. I just forgot to do that.

The prosecuting attorney proceeded to explain that the plea was not contingent upon the Defendant receiving concurrent time with his federal sentence or his confinement in a federal facility. After the prosecutor's comments the court again asked the Defendant what was his understanding:

Defendant: My understanding is in the Fed.
Court: Well, the actual place - - the actual place of confinement is the Federal Bureau of Prisons, but I can't sentence you there. I sentence you to the Tennessee Department of Corrections. And by agreement, your time will be served in the Federal Prison. Do you understand?
Defendant: Okay.

Afterwards, when asked by the court if there was anything further, counsel for the Defendant stated:

Mr. Bailey: I don't have anything else. I will just state for the record, it's my intent to - - Mr. Tony Argon is the - - I would ask the Court to - - well, I don't know how we could do that - - he - - it's my intent to get with Mr. Tony Argon and prepare a writ to have him moved to Mason. But I can't - - the Court can't control that.
Court: Well, that's fine with me. Whatever you do.
Mr. Bailey: Nothing else.
Court: Whatever you do, that's fine with me. I don't have anything to do with that.
Mr. Bailey: Sure.
Court: Do you understand what your lawyer said? He's going to - - the paperwork necessary to get you into Federal custody, all of that's got to be done. All that's by agreement that he has worked out. Now, really the - - Mr. Bailey, for lack of a better way of putting it - - it's going once, twice, three times, anything?
Mr. Bailey: Nothing, Judge.

The trial court then proceeded to sentence the Defendant, and in announcing the pleas, stated as to count one: "[a]nd by agreement, the sentence will be served in the Federal Bureau of Prisons." As to count two: "[a]nd this sentence will be served concurrent with count one."

Because we conclude that the Defendant did not knowingly, voluntarily and understandingly enter his guilty pleas, we need not address Defendant's second issue, whether his intended sentences could not be achieved by operation of law.

## CONCLUSION

The order of the trial court is reversed and this case remanded to the trial court for further proceedings.

_____
J.C. McLIN, JUDGE