# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs March 18, 2009

## ERIC TYREESE DAVIS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Wilson County**
No. 06-0427    Jane W. Wheatcraft, Judge

_____

### No. M2008-01982-CCA-R3-PC - Filed January 11, 2010
_____

Petitioner, Eric Tyreese Davis, appeals the post-conviction court's dismissal of his post-conviction petition in which Petitioner alleged that his trial counsel rendered ineffective assistance of trial counsel in connection with the entry of his pleas of guilty, and that his guilty pleas were not voluntarily or knowingly entered. After a thorough review we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

A. Ensley Hagan, Jr., Lebanon, Tennessee, for the appellant, Eric Tyreese Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and David E. Durham, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

On September 26, 2006, Petitioner entered a plea of guilty in the Wilson County Criminal Court to possession of more than 300 grams of cocaine, a Class A felony. Pursuant to the negotiated plea agreement, Defendant agreed to a sentence of fifteen years as a Range I, standard offender. The sentence was to be served concurrently with a Davidson County sentence. The negotiated plea agreement also provided that Petitioner would serve his sentence consecutively to his sentences in case no. CR1094 in Dickson County and in case nos. 37362 and 38578 in Montgomery County.

At the guilty plea submission hearing, the State offered the following factual basis for the pleas:

> Your Honor, the facts would show that the 20th Judicial District out of Nashville got a court authorized wire tap on [Petitioner]'s phone as well as other co-defendants. As a result of the information that was obtained from that Title 3, the search warrant was issued by a Judge here in Wilson County. A search of the residence where [Petitioner] was staying was executed, and in that particular residence, over 300 grams of cocaine was found and recovered. [Petitioner] was interviewed and he did admit that the cocaine belonged to him.

At the guilty plea submission hearing, Petitioner stated that he understood the length of his bargained for sentence, and that the sentence would be served consecutively to his sentences in Wilson and Dickson Counties, but concurrently with the Davidson County sentence. The trial court explained the constitutional rights Petitioner was foregoing by entering a plea of guilty, and Petitioner responded, "Correct." In response to his trial counsel's questions, Petitioner stated that he understood that the charges against him arose out of a lengthy investigation by several different county Task Forces, that he had read and reviewed with trial counsel the transcripts of the taped telephone conversations, and that based on this information, he decided to enter a plea of guilty to the charged offense. At the conclusion of the hearing, the trial court found that Petitioner was voluntarily and knowingly entering his plea of guilty to the charged offense and accepted Petitioner's plea.

## II. Post-Conviction Hearing

Petitioner testified that prior to his indictment on the current charge, he retained trial counsel to represent him in approximately March or April 2005. Petitioner stated that although he received approximately twelve letters from his trial counsel, he did not physically meet with trial counsel until immediately prior to the guilty plea submission hearing. Petitioner said that meeting lasted "briefly five or ten minutes." Petitioner stated that trial counsel never discussed trial strategy with him, and as far as Petitioner knew, trial counsel did not investigate his case.

Petitioner stated that he decided to enter a plea of guilty only because the State agreed not to prosecute his girlfriend, Crystal Moore, as a co-defendant. Petitioner said that he later learned that the State had never intended to prosecute his girlfriend because the information revealed through the wire taps indicated that she was not involved in the offense.

Petitioner said that trial counsel should have challenged the constitutionality of his arrest through a motion to suppress. Petitioner said that he was stopped while driving on the interstate based on information from a criminal informant that Petitioner was traveling to buy a kilo of cocaine. Petitioner stated that he did not have any cocaine in his vehicle when he was arrested. Petitioner said that he had $5,108 in cash, but that was not enough money to purchase a kilo of cocaine. Petitioner stated that trial counsel "failed to seek the truth," and, therefore, "his advice was that of ill will."

Petitioner acknowledged on cross-examination that he had previously entered pleas of guilty in Montgomery County and Dickson County. Petitioner said that he was convicted of a drug charge in Dickson County in 1996 and received an eight-year sentence. Petitioner stated that he understood the plea submission process and the constitutional rights he was waiving by entering a plea in that case. Petitioner acknowledged that he knew that he was facing a sentence of between fifteen and twenty-five years for the charged offense, and that his agreed upon sentence would be served consecutively to his sentences in Montgomery and Dickson Counties and concurrently with the sentence in Davidson County. Defendant acknowledged that he entered a plea of guilty in Davidson County after his Wilson County conviction, and that he understood the guilty plea submission process in Davidson County. Defendant said that the guilty plea submission form in Davidson County was similar to the one he signed in Wilson County, and that he understood the waiver of his constitutional rights which were explained to him by the Davidson County trial court. Petitioner also acknowledged that he entered a plea of guilty to a robbery charge in Montgomery County prior to the case in Wilson County and that he understood the plea submission process in that case. Petitioner reiterated, however, that he would not have agreed to enter a plea of guilty in either Wilson County or Davidson County if he had known that the State did not intend to prosecute Ms. Moore.

Trial counsel testified that he was retained to represent Petitioner on the drug charge in Wilson County. Trial counsel said that he initially met with Petitioner in approximately December 2004 before Petitioner was indicted on the current charge. At that time, trial counsel was representing Petitioner on an unrelated matter. Trial counsel stated that he subsequently met with Petitioner on several occasions, and met with both the State and the Wilson County Drug Task Force about the charged offense. Trial counsel reviewed the search warrant and the transcripts of the wire tap and interviewed Ms. Moore before she was indicted.

Trial counsel said that he did not believe a challenge to either the search warrant or the wire taps would have been successful. In any event, trial counsel stated that the State offered to settle the outstanding drug charge before a trial date was set, and Petitioner wanted

to accept the settlement. Trial counsel said that if the case had proceeded to trial he would have revisited the potential of filing a motion to suppress.

Trial counsel said that a part of the negotiated plea agreement included the State's agreement to enter a nolle prosequi as to the charge against Ms. Moore. Trial counsel stated that Petitioner and Ms. Moore were co-tenants at a residence on Trousdale Ferry Pike. After Petitioner was arrested, Ms. Moore consented to a search of the residence which revealed the presence of various drugs and weapons. Ms. Moore was indicted, and she was represented by counsel at Petitioner's guilty plea submission hearing.

On cross-examination, trial counsel stated that he began practicing law in 1979 and had represented "thousands" of criminal defendants on various felony charges including first degree murder. Trial counsel reiterated that he reviewed the extensive discovery with Petitioner as well as the arresting officer's statement concerning Petitioner's acknowledgment that the cocaine found in the residence was his.

## III. Standard of Review

To succeed on a challenge of ineffective assistance of counsel, the petitioner bears the burden of establishing the allegations set forth in his petition by clear and convincing evidence. T.C.A. § 40-30-210(f). However, the trial court's application of the law to the facts is reviewed de novo, without a presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). A claim that counsel rendered ineffective assistance is a mixed question of fact and law and therefore also subject to de novo review. Id.; State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he or she must establish that counsel's performance fell below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In addition, he or she must show that counsel's ineffective performance actually adversely impacted his defense. Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 2067 (1984). In reviewing counsel's performance, the distortions of hindsight must be avoided, and this Court will not second-guess counsel's decisions regarding trial strategies and tactics. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982). The reviewing court, therefore, should not conclude that a particular act or omission by counsel is unreasonable merely because the strategy was unsuccessful. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Rather, counsel's alleged errors should be judged from counsel's perspective at the point of time they were made in light of all the facts and circumstances at that time. Id. at 690, 104 S. Ct. at 2066.

A petitioner must satisfy both prongs of the Strickland test before he or she may prevail on a claim of ineffective assistance of counsel. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). That is, a petitioner must not only show that his or her counsel's performance fell below acceptable standards, but that such performance was prejudicial to the petitioner. Id. Failure to satisfy either prong will result in the denial of relief. Id. Accordingly, this Court need not address one of the components if the petitioner fails to establish the other. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. In cases involving a guilty plea, the petitioner must show prejudice by demonstrating that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 42, 59, 106 S. Ct. 366, 370 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

## IV. Ineffective Assistance of Counsel

Petitioner argues that the assistance of his trial counsel was ineffective because trial counsel inaccurately claimed that the State would prosecute his girlfriend if Petitioner did not enter a plea of guilty. Petitioner also contends that trial counsel's performance was deficient because trial counsel failed to investigate his case, confer with Petitioner prior to the guilty plea submission hearing, interview witnesses, or challenge the constitutionality of the wire tap, search warrant or Petitioner's arrest.

At the post-conviction hearing, trial counsel testified that he has over thirty years' experience representing criminal defendants. Trial counsel stated that he met with Petitioner on several occasions prior to the guilty plea submission hearing. Trial counsel stated that he reviewed the State's discovery, which was extensive, and shared this information with Petitioner. Petitioner acknowledged at the guilty plea submission hearing that he had read and reviewed the transcripts of the wire taps, and the extent of the State's discovery was one of the reasons Petitioner decided to enter his plea of guilty. Trial counsel stated at the post-conviction hearing that he reviewed the circumstances surrounding Petitioner's arrest and the execution of the search warrant for Petitioner's residence. Based on his review, trial counsel believed that a constitutional challenge would not be successful. Trial counsel said, however, that Petitioner accepted the State's offer to settle the outstanding charge before a trial date was set, and had the matter proceeded further, trial counsel would have revisited the possibility of a suppression motion.

Trial counsel said that the settlement of the charged offense against Ms. Moore was part of Petitioner's negotiated plea agreement. Trial counsel said that Ms. Moore consented to a search of the residence she shared with Petitioner, and that the search revealed the presence of various drugs and weapons in the house. Ms. Moore was indicted following the

execution of the search warrant and was represented by counsel at Petitioner's guilty plea submission hearing.

The post-conviction court found trial counsel's testimony to be credible and found "that unquestionably [Petitioner] received effective assistance of counsel." Based on our review, we conclude that the evidence does not preponderate against the post-conviction court's finding. Petitioner is not entitled to relief on this issue.

## V. Entry of Guilty Plea

At the post-conviction hearing, Petitioner acknowledged that he understood the sentence he was receiving as a result of his negotiated plea agreement, the manner of service of that sentence, and the constitutional rights he was foregoing by entering his plea of guilty. On appeal, however, Petitioner argues that both the State and trial counsel misrepresented Ms. Moore's potential for prosecution following the execution of the search warrant on Ms. Moore's and Petitioner's residence. Petitioner contends that he learned after the guilty plea submission hearing that the State never intended to prosecute Ms. Moore. Petitioner argues that as a result his guilty plea was not knowingly entered into.

When an accused enters a plea of guilty, constitutional considerations mandate that the plea be voluntarily, understandingly and knowingly entered. See Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1713 (1969); State v. Mackey, 553 S.W.2d 337 (Tenn. 1997). By entering a plea, the defendant waives certain constitutional rights including the privilege against self-incrimination, the right to a trial by jury, and the right to confront witnesses. Boykin, 395 U.S. at 243, 89 S. Ct. at 1714. The defendant's waiver of these constitutional rights may not be presumed from a silent record. Id. The trial court must ascertain if the defendant fully understands the significant consequences of his or her plea. State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1977). The trial court may consider a number of factors including the defendant's relative intelligence, his or her familiarity with criminal proceedings, whether the defendant was represented by competent counsel and had the opportunity to confer with counsel about options, the advice given by counsel and the trial court about the charges against the defendant and the penalty to be imposed, and the defendant's reasons for pleading guilty. Blakenship, 858 S.W.2d 897, 904 (Tenn. 1993).

"The plea must, of course, be knowingly, voluntarily and understandingly entered, and if it was induced by promises, the essence of those promises must in someway be made known." State v. Virgil, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008) (citing Santobello v. New York, 404 U.S. 257, 92 S. Ct. 495 (1971)). "This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those

circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." Santobello, 404 U.S. at 262, 92 S. Ct. at 499; see also Blankenship, 858 S.W.2d at 904 (quoting Brady v. United States, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970)) (observing that "a plea of guilty by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)). A State's promise to forego prosecution may be part of the bargaining process. See Pettus, 986 S.W.2d at 543.

The post-conviction court found:

> that this [petitioner] has been in the system for a long time. He's certainly entered guilty pleas before. He's very articulate. He has a knowledge of the criminal system as a whole which probably exceeds that of most of the defendants that come through the system. I have no doubt that he is highly intelligent. I find from the proof here today that there is no question that this was a voluntarily entered guilty plea. [Petitioner] has said that he understood the plea, and the thrust of his argument seems to be that . . . he was induced to do it so that the State would not prosecute his girlfriend. However, I think that that was an inducement, but the fact is, she was indicted. The grand jury indicted her. She had counsel. She was living in the home with [Petitioner]. She's the one that consented to the search, and the State did exactly what the State said it was going to do. In return for a knowing and voluntary plea on his part, they nolled [sic] the case against her. Part of the plea inducement obviously was that she wouldn't be prosecuted further, but it was also fifteen years, which is the bottom of the range, and it was also a concurrent sentence with that out of Davidson County.

Based on our review, we conclude that the evidence does not preponderate against the trial court's finding that Petitioner's guilty pleas were knowing, voluntary, and intelligent. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a thorough review, we conclude that the evidence does not preponderate against the post-conviction court's findings that trial counsel's assistance was effective and that

Petitioner's pleas of guilty were voluntary and knowing. We, therefore, affirm the judgment of the trial court in dismissing Petitioner's petition for post-conviction relief.

_____

THOMAS T. WOODALL, JUDGE
