IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2017 Session

**STATE OF TENNESSEE v. COREY E. HUDDLESTON**

**Appeal from the Circuit Court for Dickson County**
**No. 2015-CR-243   Larry Wallace, Judge**

_____

**No. M2017-00029-CCA-R3-CD**

_____

Defendant, Corey E. Huddleston, pleaded no contest to sexual battery on February 8, 2016.  As a result of the no contest plea, he was sentenced to one year of incarceration and placed on the sex offender registry.  Defendant sought to withdraw his no contest plea, and the trial court denied the motion.  Defendant appeals the denial of his motion to withdraw his plea.  We affirm the trial court's decision.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Leonard G. Belmares II, Charlotte, Tennessee (on appeal) and Jake Lockhart (at plea hearing), District Public Defender, for the appellant, Corey E. Huddleston.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Ray Crouch, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural Background*

Defendant was indicted by a Dickson County grand jury with one count of aggravated burglary and one count of sexual battery.  The State alleged that Defendant broke into a family dwelling in Dickson County, entered the bedroom of a minor boy, and touched the boy's genitals.  On February 8, 2016, Defendant entered a no contest plea to sexual battery and received a one-year sentence in the Tennessee Department of

- 1 -

Correction to be served concurrent to Defendant's sentences from cases in the Dickson Municipal Court. In exchange for the plea, the aggravated burglary charge was dismissed. During Defendant's plea hearing, his attorney, Jake Lockhart, the Public Defender for the 23rd Judicial District of Tennessee, was not present. Dawn Kavanagh, an assistant public defender, stood in on behalf of Mr. Lockhart.

As Defendant was entering his plea, it became evident that Defendant was not aware that he was going to be placed on the sex offender registry. After hearing that he will be placed on the sex offender registry, Defendant stated, "What's that? They didn't tell me what that is."[1] At that point, Ms. Kavanaugh explained that being on the sex offender registry is similar to being on probation and that Defendant will have to check-in around his birthday every year. Ms. Kavanaugh further stated that Defendant would have to disclose to the sex offender registry where he was living and where he was working. She also stated, "I think that you do have to pay for it." She goes further to tell him about certain jobs involving children that he cannot obtain, places around children where he cannot live, and other restrictions that he would encounter while on the sex offender registry. She even stated that the sex offender registry is very "onerous," but that it was part of the plea agreement.

The trial court asked Defendant if he would like more time to consult with his lawyer about the plea, and Defendant asked if that would affect whether the plea would get done that day. The trial court indicated that it was unclear if the plea would be done that day if Defendant wanted to further consult with his attorney, and then Defendant responded, "Just run it, man. . . . Just do it. Just do it." After a brief exchange, the trial court inquired, "So, you want to go forward?" Defendant responded, "Yes." The trial court confirmed by asking, "Are you sure?" Defendant responded, "Yes sir." Defendant went on to indicate that he wanted to go forward with the plea knowing that he would be placed on the sex offender registry and agreed that he was entering the plea voluntarily. Defendant told the trial court that he pleaded "no contest."

Fourteen days later, Defendant filed a pro-se motion to withdraw his guilty plea. Defendant argued that he should be permitted to withdraw his guilty plea because he did not realize that he would be placed on the sex offender registry. The trial court appointed Defendant an attorney, and a hearing was held on November 16, 2016.

At the hearing, Defendant testified that he did not "want to plead guilty to nothing because [he] didn't do nothing." Defendant also testified that he "didn't know nothing about no sex offender registry." Defendant stated that he "would have never, ever signed [his plea agreement] if [he] had known that [he] had to do all this." On cross-

---

[1] The quotes are from Defendant's plea colloquy. No transcript of the plea hearing was provided on appeal; however an audio CD of the plea hearing was entered as a supplement exhibit in the technical record.

examination, Defendant admitted that it was explained to him by the judge that he was going to be on the sex offender registry for ten years. However, Defendant contended that it was not an informed decision.

Ms. Kavanaugh and Mr. Lockhart both testified at Defendant's hearing regarding the withdrawal of his guilty plea. Neither Ms. Kavanaugh nor Mr. Lockhart could independently recall facts that differed from the audio recording of the plea colloquy. Ms. Kavanaugh added that she did not provide Defendant with the standard form that contained information about the sex offender registry. Mr. Lockhart admitted that he did not discuss the details of the sex offender registry with Defendant and stated, "Had I, [Defendant] may not have entered the plea."

After the hearing on the motion, the trial court denied Defendant's motion. This timely appeal followed.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion by denying Defendant's motion to withdraw his guilty plea because he did not knowingly and voluntarily enter his plea. Defendant contends that the entry of his plea was a manifest injustice and that his motion to withdraw the plea should have been granted. Further, he contends that the trial court failed to properly consider the factors regarding the voluntariness of a plea outlined in *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The State disagrees and argues that a manifest injustice has not occurred because Defendant declined to further consult his attorney when the trial court asked if he would like further consultation.

The standard of review for questions related to the withdrawal of a plea is abuse of discretion. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005)). A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party. *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010). This Court will also find an abuse of discretion when the trial court has failed to consider the relevant factors provided by higher courts as guidance for determining an issue. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007).

Tennessee Rule of Criminal Procedure 32(f) provides that a guilty plea may be withdrawn before a sentence is "imposed . . . for any fair and just reason." After a sentence is imposed but before the judgment is final, a plea may be withdrawn "to correct manifest injustice." Rule 32(f) makes it clear that "a criminal defendant who has pled guilty does not have a unilateral right to later withdraw his plea either before or after

sentencing." *Phelps*, 329 S.W.3d at 444 (citing *Crowe*, 168 S.W.3d at 740; *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003)).

"Manifest injustice" is not defined in the text of Rule 32(f), but courts have identified circumstances that meet the manifest injustice standard that is required for a withdrawal of a plea after sentencing. *State v. Virgil*, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008). Manifest injustice has occurred where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the plea. *Id*. However, a defendant's mere change of heart about pleading guilty or a defendant's dissatisfaction with the punishment that he or she ultimately receives is not manifest injustice. *Crowe*, 168 S.W.3d at 743 (citing *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. Sept. 20, 1995)). In *Blankenship*, our supreme court set forth the following factors to be considered when determining if a defendant's plea was entered in a knowing, voluntary, and understanding fashion:

> [T]he relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

*Powers v. State*, 942 S.W.2d 551, 556 (Tenn. 1996) (quoting *Blankenship*, 858 S.W.2d at 904).

In ruling on the motion to withdraw the guilty plea, the trial court stated that Defendant seemed "concerned" during the plea hearing about the issue of the sex offender registry. Because of this, the trial court gave Defendant the opportunity to confer with counsel, and Defendant did so. The trial court noted that it reiterated to Defendant multiple times that his case could be reset and that he could have further consultation with his attorneys. These statements by the trial court on the record go directly to the *Blankenship* factors regarding the opportunity to confer with competent counsel and the extent of the advice from both counsel and the court. The trial court also found that Defendant was an educated man who "meant what he said and said what he meant." This finding by the trial court goes directly to the first *Blankenship* factor regarding the intelligence of a defendant. After making those findings on the record, the trial court denied Defendant's motion to withdraw his guilty plea.

Though the *Blankenship* factors were not mentioned by name, the trial court made the proper findings on the record that pertained to those factors. *Blankenship* is the applicable legal standard for determining if a plea was entered in a knowing, voluntary, and understanding fashion. Thus, the trial court applied the relevant factors and correct legal standard as it determined that manifest injustice had not occurred when Defendant entered his plea. We find that the trial court did not abuse its discretion when denying Defendant's motion.

## Conclusion

For the aforementioned reasons, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE