IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs February 27, 2018

**STATE OF TENNESSEE v. JULIE CHRISTINE OTTMER**

**Appeal from the Criminal Court for Unicoi County**
**No. 6864     Stacy L. Street, Judge**

_____

**No. E2017-01309-CCA-R3-CD**
_____

The Defendant, Julie Christine Ottmer, pled nolo contendere to simple possession of marijuana, a Class A misdemeanor, and received an agreed upon sentence of eleven months and twenty-nine days to be served on probation. See Tenn. Code Ann. § 39-17-418. Thereafter, the Defendant filed a motion to withdraw her nolo contendere plea. The trial court denied the motion, finding that there was no manifest injustice to support withdrawal of the plea. On appeal, the Defendant contends that the trial court abused its discretion in denying her motion because she "misunderstood the terms of her plea." Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

R. Mitchell Manuel, Erwin, Tennessee, for the appellant, Julie Christine Ottmer.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Christopher Todd Hull, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

On September 4, 2016, a Unicoi County Sheriff's Department deputy came upon the Defendant and her husband camping. The deputy "detected a strong odor of marijuana" coming from their campsite. The deputy asked the Defendant if she "had anything illegal," and the Defendant responded that she had "some marijuana" that "was for her religious beliefs." The Defendant consented to a search, and the deputy recovered

a bag of marijuana and "a marijuana pipe." The Defendant was subsequently charged with simple possession of marijuana and possession of drug paraphernalia.

The District Public Defender's Office was appointed to represent the Defendant. On September 8, 2016, the Defendant entered a "best interest plea" in general sessions court. The Defendant pled to the simple possession charge in exchange for a sentence of eleven months and twenty-nine days to be served on probation and dismissal of the possession of drug paraphernalia charge. On September 12, 2016, the Defendant filed a pro se motion to withdraw her guilty plea because she "misunderstood the plea [and thought] there would be a way to appeal or later fight the case." The general sessions court granted the motion, and a new attorney was appointed to represent the Defendant.

The Defendant's case was bound over to the grand jury, and she was subsequently indicted on charges of simple possession of marijuana and possession of drug paraphernalia. On May 1, 2017, the Defendant entered the instant nolo contendere plea in the trial court. At the start of the plea submission hearing, trial counsel stated as follows:

> [T]his is a best interest plea. It was actually a plea out of [g]eneral [s]essions [c]ourt. She was represented by the Public Defender's Office. However, she later revoked that plea based on religious beliefs. I was then appointed. We've researched the law and I've had the opportunity to explain the law to her and the [S]tate was kind enough to reinstate that plea, or at least, offer the same terms.

The terms of this plea agreement were the same as those from the general sessions court plea agreement, the Defendant agreed to plead nolo contendere to simple possession of marijuana in exchange for a sentence of eleven months and twenty-nine days to be served on probation and dismissal of the possession of drug paraphernalia charge. The trial court began its plea colloquy as follows:

> [Trial court]: All right, ma'am, is this your signature on the Petition for Acceptance of Plea of Guilty, Waiver of Rights?
> [The Defendant]: Yeah, that is. I'm not pleading guilty.
> [Trial court]: Is this your signature on this document?
> [The Defendant]: That is my signature, but I'm not pleading guilty.
> [Trial court]: Okay. I understand that, but you answer my question yes or no.
> [The Defendant]: Yes. I just wanted to verify that.

After this exchange, the trial court asked the Defendant if she had reviewed the plea agreement form and understood its contents. The Defendant responded that she did.

The trial court then reviewed the litany of rights that the Defendant was waiving by pleading nolo contendere and asked the Defendant if she understood that she was waiving those rights. The Defendant again responded that she did. The trial court explained the offense and range of possible punishments along with the terms of the plea agreement. Once again, the Defendant responded that she understood these. The State provided the underlying factual basis for the plea agreement, and the Defendant accepted that "those [were] the facts of [her] case."

The following exchange then occurred:

[Trial court]: And how do you plead to the charge that has been described to you[:] guilty, not guilty, or nolo contendere?
[The Defendant]: Not guilty.
[Trial court]: Nolo contendere? No contest?
[The Defendant]: Yeah.
[Trial court]: You plead no contest?
[The Defendant]: No contest.
. . . .
[Trial court]: You understand that the court will allow you to enter a nolo contendere plea, however, the punishment and the sentence that the court imposes is exactly the same as if you had pled guilty, do you understand that?
[The Defendant]: Yes.

At that point, the trial court accepted the Defendant's plea agreement and sentenced her to eleven months and twenty-nine days to be served "on supervised probation."

On May 4, 2017, the Defendant filed a motion to withdraw her plea stating that the Defendant had "brought to the attention of her counsel" that the State's offer had been for unsupervised probation "provided that the fines and costs [were] paid 'up front.'" Additionally, the motion stated that the Defendant had "advised her counsel that she intend[ed] to contest the charges based [upon] 'religious' beliefs." On June 12, 2017, the trial court held a hearing on the Defendant's motion.

At the hearing, the trial court asked the Defendant what was "the basis of [her] motion," and she responded as follows:

I -- I don't feel comfortable pleading no contest. I was told that it was best interest and that it's no contest and then I'm signing paperwork that says guilty on it, but I'm not pleading guilty. I don't feel comfortable on it. I want to plead not guilty. And -- and before -- when you asked me if I had any questions I asked [trial counsel] if I could -- if I could change

my plea then and he said no. And I think it's just based on my -- his best interest for me but not understanding what I want. So, that's why I -- didn't change it then.

Trial counsel contested the Defendant's assertion that he had told her that she could not change her plea at the plea submission hearing. The State clarified that the offer for unsupervised probation was contingent on the Defendant's living out of state, but the Defendant had continued to reside in Tennessee. The State also argued that the trial court should deny the motion because "a change of heart [was not] a manifest injustice."

The trial court denied the motion finding as follows:

The court remembers [the Defendant] because it was a long plea of guilty. She multiple times stated that she didn't understand, so, the court took extra time with her to make sure that she did understand. The court finds that the plea was made knowing, and voluntary. The court explained to her that best interest and nolo all mean the same thing. You're pleading guilty -- doesn't mean the same thing, but explained to her that she was pleading as part of her -- her best interest, not her attorney's best interest, rather than go to trial and face a potential harsher punishment. She stated that she did. She entered the plea.

However, the trial court did agree to amend the judgment form to reflect that the Defendant's probation would be "unsupervised upon payment of fines and costs." The Defendant now appeals to this court.

**ANALYSIS**

The Defendant contends that the trial court abused its discretion by denying her motion to withdraw her nolo contendere plea. The Defendant argues that her plea was not knowingly and voluntarily entered because "she misunderstood the terms of her plea" and that this constituted a manifest injustice for which the trial court should have granted her motion to withdraw her plea. The State responds that the trial court did not abuse its discretion by denying the Defendant's motion.

As pertinent to our review, "[a]fter sentence is imposed but before the judgment becomes final, the [trial] court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). Regarding the term "manifest injustice," this court has previously stated as follows:

Rule 32(f) does not define "manifest injustice," however, courts have identified circumstances that meet the manifest injustice standard necessary

-4-

for withdrawal of a plea. Withdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

State v. Virgil, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008) (internal citations omitted).

A defendant bears the burden of establishing that her plea should be withdrawn to correct a manifest injustice. State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). Moreover, this court reviews a trial court's decision regarding a motion to withdraw a guilty plea for an abuse of discretion. State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005). "An abuse of discretion exists if the record lacks substantial evidence to support the trial court's conclusion." Id.

We do not find the Defendant's argument that she misunderstood the terms of her plea to be persuasive. A defendant who pleads nolo contendere "does not expressly admit [her] guilt, [but] such a defendant effectively consents to being punished as if [she] were guilty." Crowe, 168 S.W.3d at 747. "By entering a nolo contendere plea, a defendant waives several constitutional rights and consents to the judgment of the court." Id. at 748. Furthermore, a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

At the outset of the plea submission hearing, trial counsel stated that the Defendant's plea was "a best interest plea." After the Defendant initially took issue with the fact that the plea agreement form was titled "Petition for Acceptance of Plea of Guilty," the trial court confirmed that she had reviewed and understood the form. The trial court explained the offense the Defendant was charged with, the potential sentencing range, the terms of the plea agreement, and the litany of rights the Defendant was waiving by entering her plea. The Defendant stated that she understood all of these. The State provided a factual basis for the plea, and the Defendant accepted that "those [were] the facts of [her] case." The trial court then explained that the Defendant's plea of nolo contendere would have the same effect as if she had pled guilty and the Defendant stated that she understood this.

We agree with the trial court's conclusion that the Defendant's nolo contendere plea was knowingly and voluntarily entered. Additionally, the Defendant did not establish that withdrawal of her nolo contendere plea would correct a manifest injustice.

-5-

Accordingly, we conclude that the trial court did not abuse its discretion in denying the Defendant's motion to withdraw her plea.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE