IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2020

**STATE OF TENNESSEE v. BRIAN KEITH CAPPS**

**Appeal from the Circuit Court for Maury County**
**Nos. 26161, 26162, 26529, 26247      Russell Parkes, Judge**

_____

**No. M2019-00280-CCA-R3-CD**
_____

Defendant, Brian Keith Capps, was charged in four separate indictments with two counts of possession with intent to sell over 0.5 grams of methamphetamine within 1,000 feet of a school; three counts of sale of over 0.5 grams of methamphetamine within 1,000 feet of a school; two counts of possession of drug paraphernalia; one count of possession with intent to sell Oxycodone; one count of driving on a revoked license; one count of violation of the registration law; and one count of tampering with evidence. Defendant pleaded guilty to one count of possession with intent to sell over 0.5 grams of methamphetamine and two counts of sale of methamphetamine in a drug-free zone. All of the remaining counts were dismissed. Defendant received concurrent sentences of eight years to be served at 100 percent for each of his sale of methamphetamine convictions. He was sentenced to eight years to be served at 30 percent for his possession with intent to sell methamphetamine conviction, which was ordered to be served consecutively to his other sentences, for a total effective sentence of 16 years with 8 years to be served at 100 percent. Defendant sought to withdraw his guilty pleas. Following an evidentiary hearing, the trial court denied Defendant's motion. Defendant appeals. Having reviewed the record and the briefs of the parties, we affirm the judgment of the trial court denying the motion to withdraw the guilty pleas. However, there are clerical errors in the judgments in case number 26162. The judgments show a 30 percent release eligibility. The plea agreement was for 100 percent service of the sentence. The trial court must enter corrected judgments upon remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Remanded for Corrected Judgments**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

John M. Schweri, Columbia, Tennessee, for the appellant, Brian Keith Capps.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Ann Thompson, Senior Assistant Attorney General; Brent A. Cooper, District Attorney General; and Adam Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Hearing on Defendant's motion to withdraw guilty pleas*

Defendant acknowledged that he had been stopped and was charged with selling drugs in a drug-free zone in August, 2017. He testified that he agreed to participate in controlled drug buys and that "the three subsequent charges were [him] doing what they wanted [him] to do." Defendant testified that drug task force agents Bob Zaidan and Joey Parks promised him "a lengthy rehab somewhere preferably out of state, and a long probation period" in exchange for his cooperation with law enforcement. He also testified that some "evidence disappeared and nobody said anything about any of the work [he] did." Defendant testified that he was a "drug addict" and that he had never been to a rehabilitation program.

Defendant testified that he "was under the influence of narcotics" when he signed the plea submission form. The trial court read from the form a provision that states, "I declare that no officer or agent of any branch of government, nor any other person, has made any promise or suggestion of any kind to me, or to anyone else, except the agreement to recommend the sentence as set out below." Defendant testified that he did not read the form. He testified that he "wasn't pressured" to enter his guilty pleas. The trial court asked Defendant if he remembered the court "talking to [him] at length" prior to entering his pleas. Defendant testified that he had suffered "two strokes prior to this" and that he had only "vague memories" of the plea submission hearing.

Defendant testified that he was taking Hydrocodone and Xanax at the time he entered his guilty pleas. He was prescribed the medications after he suffered injuries resulting from a fall. Defendant testified, "[t]he manifest injustice would be that I was promised something by law enforcement and not followed through." The trial court asked Defendant why he did not make the trial court aware of the deal, and Defendant testified that he "told [his] attorney [ ] many times." The trial court recalled that Defendant had fallen off his porch when his jury trial was scheduled to begin. The trial court recalled that Defendant stated that he could not "get off the couch," and the trial court offered to send a transport officer and a nurse to Defendant's home, and that Defendant then stated that he was not at home, but rather at a CVS store. Defendant testified that he did not remember "none of that [sic]" and that he "was under the influence of pain medication." The trial court recalled that Defendant, his attorney, the

prosecutor, and the court reporter met privately "back in that jury room" and that Defendant did not mention anything about the deal that was promised to him by the drug task force agents. Defendant testified that he "did not know [he] was even allowed to talk."

At the conclusion of the hearing, the trial court concluded that Defendant had not established that a manifest injustice would occur if Defendant was not allowed to withdraw his pleas. The trial court specifically found that it "took great pains in going over with [Defendant] the terms of the plea agreement." The trial court found that Defendant was addressed in a jury room with attorneys and a court reporter present, and Defendant did not "enter any type of objection to proceeding with the trial." The trial court noted that it also "took great pains" at the guilty plea hearing, "inquiring about specific portions of the plea agreement, why things were at 100 percent as opposed to 30 percent . . . [and] concurrent as opposed to consecutive." The trial court found that Defendant's testimony about having been offered a deal by drug task force agents was not credible. The trial court concluded that Defendant's guilty pleas were entered knowingly and voluntarily, and the court denied Defendant's motion.

*Analysis*

Defendant contends that the trial court abused its discretion by denying his motion to withdraw his guilty pleas. Specifically, Defendant contends his guilty pleas were not knowingly and voluntarily entered because he entered them: 1) while he was under the influence of narcotics, and 2) in exchange for an unfulfilled promise by the State that rehabilitation and probation would be a part of his sentences. The State responds that Defendant has failed to demonstrate that a manifest injustice occurred, and the trial court properly denied Defendant's motion.

Initially, we note that Defendant has failed to include a transcript of his guilty plea hearing in the record on appeal. It is the duty of the appellant to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). The State submits, however, that the record is sufficient in this case for a meaningful review of the issue. In most cases, a transcript of the guilty plea hearing is critical to a review of the voluntariness of a guilty plea, and it should have been included in the record. However, in this case, we agree with the State that the record before us is sufficient to review the issue. We note that in *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012), our supreme court held that when a record does not include a transcript of the guilty plea hearing, this court should determine on a case-by-case basis whether the record is sufficient for a meaningful review of a sentencing decision under the standard adopted in *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012).

- 3 -

Although this case does not involve a review of a sentencing decision, we apply the same reasoning here.

Tennessee Rule of Criminal Procedure 32(f)(1) provides that a trial court may grant a motion to withdraw a guilty plea "for any fair and just reason" before the sentence is imposed, or to correct manifest injustice after the sentence is imposed but before the judgment becomes final. Rule 32(f) makes it clear that "a criminal defendant who has pled guilty does not have a unilateral right to later withdraw his plea either before or after sentencing." *State v. Phelps*, 329 S.W.3d 436, 444 (Tenn. 2010) (citing *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005); *State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003)).

In this case, Defendant moved to withdraw his guilty plea after he was sentenced, but before the judgments became final. Therefore, to prevail on his motion, he must show that the guilty plea must be set aside to correct a "manifest injustice." "Manifest injustice" is not defined in the text of Rule 32(f), but courts have identified circumstances that meet the manifest injustice standard that is required for a withdrawal of a plea after sentencing. *State v. Virgil*, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008). Manifest injustice has occurred where: (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the plea. *Crowe*, 168 S.W.3d at 742. However, a defendant's mere change of heart about pleading guilty or a defendant's dissatisfaction with the punishment that he or she ultimately receives is not manifest injustice. *Id.* at 743 (citing *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995)).

It is the defendant's burden of establishing that the plea of guilty should be withdrawn to prevent "manifest injustice." *Turner*, 919 S.W.2d at 355. The decision whether to grant a motion to withdraw a plea of guilty rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Drake*, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986).

At the hearing on Defendant's motion to withdraw his guilty pleas, the trial court questioned Defendant repeatedly about the guilty plea hearing, as well as the plea submission form to show that Defendant was given opportunities to inform the court of any promises made to him by the State, and Defendant did not do so. The trial court found that it had taken "great pains in going over with [Defendant] the terms of the plea agreement." The record includes the plea submission form, from which the trial court quoted portions, and the form contains Defendant's signature. Defendant testified at the hearing that he was not pressured to enter his guilty pleas. Defendant offered no proof that his medical condition or prescription medication prevented him from knowingly

- 4 -

entering his guilty pleas. The trial court specifically found that Defendant's testimony regarding a promise by drug task force agents was not credible.

We, thus, agree with the State that the limited record on appeal supports the trial court's finding that Defendant's pleas were knowingly, intelligently, and voluntarily entered. Defendant has failed to establish that the trial court abused its discretion by denying his motion to withdraw his guilty pleas.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court denying Defendant's motion to withdraw his guilty pleas. However, we note clerical errors in the judgments for the convictions in case number 26162. Each judgment reflects an erroneous release eligibility of 30 percent, instead of the agreed release after service of 100 percent of the sentence. Those two judgments are remanded for the trial court to enter corrected judgments.

_____
THOMAS T. WOODALL, JUDGE