IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 25, 2011

## JAMES L. CRAWFORD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 93444      Bob R. McGee, Judge**

**No. E2010-00425-CCA-R3-PC - Filed May 9, 2011**

The Petitioner, James L. Crawford, filed a petition for post-conviction relief alleging that his guilty pleas to various felonies were not knowingly and voluntarily entered. The trial court summarily dismissed the petition as barred by the statute of limitations. The Petitioner appeals the dismissal, and we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

James L. Crawford, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Randall Nichols, District Attorney General; and Leon Franks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 7, 2005, the Petitioner pled guilty pursuant to a plea agreement as a Range I offender to aggravated robbery, a Class B felony, for which he received an eight-year sentence; aggravated burglary, a Class C felony, for which he received a three-year sentence to be served consecutively to the aggravated robbery sentence; and two counts of aggravated assault, a Class C felony, for which he received three-year sentences to be served concurrently to the aggravated robbery sentence. The effective sentence was eleven years, and the judgments stated that the aggravated robbery sentence was to be served concurrently with a federal sentence the Petitioner was serving in Virginia. The guilty plea documents signed by the Petitioner, the assistant district attorney, and the Petitioner's attorney also reflect that the agreement called for the aggravated burglary sentence to be served

concurrently with the federal sentence. The transcript of the hearing reflects that the Petitioner's counsel requested on behalf of the Petitioner that the jail notify federal authorities that the Petitioner was ready to go into custody. The court responded, "Okay. We will do that."

The Petitioner filed his post-conviction petition on December 30, 2009. He alleged that the State falsely represented to him that if he entered into a plea agreement, his sentence would run concurrently with his federal sentence previously imposed by the United States District Court, Southeastern Division, Virginia District in case number 2:03CR10084-003. He claimed, "Similar false representations were made from time to time thereafter and I, relying on same, did not make an effort to verify whether my sentence was in fact running concurrent with my federal sentence." He stated that he had no reason to doubt the validity of the agreement until he learned in Summer 2009 that his federal sentence was "on hold" pending his release from the Tennessee sentences. He said he also learned the state courts had no authority to render a defendant into federal custody or to order concurrent service of state and federal sentences. He asserted that these facts supported tolling of the statute of limitations for filing a post-conviction petition because his guilty pleas were not knowing and voluntary. On January 19, 2010, the trial court dismissed the petition as untimely. The Petitioner filed this appeal on February 18, 2010.

The Petitioner argues that the trial court erred in dismissing his petition. He contends that the facts stated in his petition support tolling of the statute of limitations. The State argues that the facts alleged, even if taken as true, do not state a sufficient basis for equitable tolling of the statute of limitations. We agree with the State.

The Tennessee Post-Conviction Procedure Act specifies that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.

T.C.A. § 40-30-102(a) (2006). A trial court may enter an order summarily dismissing a post-conviction petition if the petition is not filed within the time set forth in the statute of limitations. T.C.A. § 40-30-106 (2006). If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider the petition if (1)

2

a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. T.C.A. § 40-30-102(b). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 209-10 (Tenn. 1992). However, due process requires a weighing of the petitioner's liberty interest against the State's interest in preventing the litigation of stale and fraudulent claims. Sample v. State, 82 S.W.3d 267, 273-74 (Tenn. 2002). To determine if due process requires tolling of the statute of limitations, our supreme court has provided a three-step test:

> (1) determine when the limitations period would normally have begun to run;
> (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and
> (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995).

Upon review, we conclude that the trial court properly dismissed the Petitioner's claim. The Petitioner does not argue that any of the statutory exceptions to the statute of limitations in Code section 40-30-102(b) apply to his case, nor are any apparent from the allegations of his petition. He relies upon the due process exception and alleges that he did not discover until 2009 that he would not be permitted to serve his convictions imposed in 2005 concurrently with his federal sentence.

We acknowledge that the Petitioner's facts alleged regarding the merits of his petition, had they been proven in a timely petition, may have presented a basis for post-conviction relief. See State v. Virgil, 256 S.W.3d 235, 240-41 (Tenn. Crim. App. 2008) (holding that the trial court erred in denying the defendant's motion to withdraw his guilty pleas where the defendant entered the pleas with the expectation that he would serve his sentence concurrently in the Federal Bureau of Prisons). The concurring opinion in Virgil noted that the State has no authority to control whether a defendant is allowed to serve his earlier federal sentence and later state sentence concurrently. Id. at 242 (Hayes, J., concurring); see also Lucious Allen v. State, W2000-02320-CCA-R3-PC, Shelby County (Tenn. Crim. App. Nov. 2, 2001) (holding that the trial court erred in summarily dismissing a post-conviction claim in which the petitioner alleged his guilty pleas were not knowingly and voluntarily entered because he entered into the agreement with the understanding he would serve his

federal and state sentences concurrently in federal custody); <u>Joseph T. Faulkner v. State</u>, No. W1999-00223-CCA-R3-PC, Shelby County (Tenn. Crim. App. Oct. 17, 2000) (holding that the petitioner was entitled to post-conviction relief based upon ineffective assistance of counsel resulting from unknowing and involuntary guilty pleas due to a provision in the plea agreement that his federal and State sentences would be served concurrently).

As noted above, compliance with or tolling of the statute of limitations is a prerequisite to post-conviction relief. T.C.A. § 40-30-102(a), (b). Mere ignorance of a factual or legal basis for seeking post-conviction relief does not require tolling of the statute of limitations. Our supreme court has said the basic rule of <u>Burford</u> is:

> [I]n certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken" – or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run.

<u>Sands</u>, 903 S.W.2d at 301; <u>see also</u> <u>Brown v. State</u>, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); <u>State v. Phillips</u>, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995) ("The claims made in the petition, if true, existed and were available to be pursued since the petitioner's conviction."); <u>Jason Earl Hill v. State</u>, No. E2005-00968-CCA-R3-PC, Hamilton County (Tenn. Crim. App. Feb. 16, 2006) (holding that due process did not require tolling of the statute of limitations for a petitioner who was incarcerated in another state, even though counsel never advised him it was legally impossible for him to have committed the crime to which he pled guilty), <u>app. denied</u> (Tenn. Sept. 5, 2006). In the present case, the Petitioner did not allege that the facts or law to support his claim arose after the statute of limitations began to run. Because he has not alleged a basis for allowing a due process tolling of the statute of limitations, he is not entitled to considerations of the merits of his petition.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE