# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 7, 2013

## JERRY LOUIS FITZGERALD, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. H8715    Clayburn Peeples, Judge**

_____

### No. W2012-01447-CCA-R3-PC  - Filed June 27, 2013

_____

Petitioner, Jerry Louis Fitzgerald, Jr., was indicted in March of 2008 by the Gibson County Grand Jury for possession of more than .5 grams of cocaine with the intent to sell or deliver, unlawful sale of over .5 grams of cocaine, and unlawful delivery of over .5 grams of cocaine. Petitioner ultimately entered guilty pleas to three counts of selling over .5 grams of cocaine. As a result of the guilty pleas, he was sentenced to twenty years for each count, to be served concurrently, for a total effective sentence of twenty years. Following the entry of judgment, Petitioner filed a pro se motion to withdraw his guilty plea, which the trial court denied without a hearing. Petitioner appealed. *See State v. Louis Fitzgerald, Jr.*, No. W2009-02520-CCA-R3-CD, 2010 Tenn. Crim. App. LEXIS 703, at *1-2 (Tenn. Crim. App., at Jackson, Aug. 20, 2010). This Court remanded the case for a hearing on the motion to withdraw the guilty plea. On remand, the trial court held a hearing and again denied the motion. There was no direct appeal from this denial. Petitioner filed a petition for post-conviction relief in November of 2011, seeking a delayed appeal from the denial of the motion to withdraw the guilty pleas. In June of 2012, a consent order was entered allowing a delayed appeal from the denial of the motion to withdraw the guilty pleas. On appeal, Petitioner challenges the trial court's denial of the motion to withdraw his guilty pleas because the trial court failed to determine: (1) whether Petitioner was denied effective counsel; (2) whether the plea was knowingly and involuntarily made; and (3) whether manifest injustice exists as a ground for withdrawal of the pleas. After a review of the record, we determine that the trial court did not abuse its discretion in denying the motion to withdraw the guilty pleas where there was substantial evidence in the record to support the trial court's conclusion. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Trial Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Jennifer A. Deen, Trenton, Tennessee, for the appellant, Jerry Louis Fitzgerald, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; and Garry Brown, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was indicted in March of 2008 by the Gibson County Grand Jury for possession of more than .5 grams of cocaine with the intent to sell or deliver, unlawful sale of over .5 grams of cocaine, and unlawful delivery of over .5 grams of cocaine.

The indictments were based on three separate drug transactions. On August 14, 2007, Petitioner sold over .5 grams of cocaine to a confidential informant and a member of the McKenzie Drug Task Force. On August 24, 2007, Petitioner conducted another sale involving the same two people and over .5 grams of crack cocaine. On September 20, 2007, Petitioner conducted a third sale of over .5 grams of cocaine.[1] While the indictments did not specify that the second and third sales occurred in a school zone, on the date the matter was scheduled to go to trial, the State alleged that the second and third sales actually occurred in a school zone. The State moved to continue all three cases to consolidate the matter and amend the indictments to reflect the statutory school zone enhancements. The trial court denied a continuance on the matter pertaining to the sale on August 14. During a recess, Petitioner and the State reached a plea agreement. When questioned by the trial court, Petitioner claimed that he initially misunderstood the offer tendered by the State. At that time, the trial court reviewed the offer with Petitioner and Petitioner indicated that the current terms of the plea agreement were the result of the agreement he made with the State.

Thereafter, Petitioner entered guilty pleas to three counts of the unlawful sale of cocaine weighing over .5 grams. In exchange for the guilty pleas, Petitioner received three, concurrent, twenty-year sentences. At some point prior to the entry of the guilty pleas, Petitioner was apparently offered the chance to plead guilty to three counts of selling over .5 grams of a Schedule II controlled substance in exchange for three concurrent sentences of twelve years. The State withdrew this offer after Petitioner chose not to accept it.

About one week after the entry of the pleas, Petitioner filed a pro se motion to withdraw the guilty pleas. The trial court denied the motion without a hearing, and Petitioner appealed. *See id.* On appeal, this Court determined that:

---

[1]These scant facts are taken from the transcript of the guilty plea hearing.

[Petitioner's] motion to withdraw rests on his claim that he did not understand that the State's first plea offer would have resulted in an effective twelve-year sentence, as well as on other, general claims that his guilty plea was not knowingly, voluntarily, and understandingly entered. We cannot reach the merits of the . . . claims because the trial court denied him the opportunity to present testimony and evidence supporting them. The State concedes that [Petitioner] is entitled to a hearing on his motion. [Petitioner's] allegations may, if true, establish that he received the ineffective assistance of counsel in connection with the State's original plea offer, in that he says his original counsel did not explain the difference between concurrent and consecutive sentencing. This claim would be relevant to [Petitioner's] claims that his guilty pleas were not knowingly, voluntarily, and understandingly entered. If the guilty pleas were not so entered, [Petitioner] would have grounds to withdraw his guilty pleas. *See [State v.] Crowe*, 168 S.W.3d [731] [ ][,] 742 [(Tenn. 2005)]. We accordingly must remand this case to the trial court for a hearing on [Petitioner's] motion to withdraw his plea.

*Louis Fitzgerald, Jr.*, 2010 Tenn. Crim. App. LEXIS 703, at *6-7.

At the hearing on remand, Petitioner testified that he did not completely understand the offer tendered by the State prior to trial. He claimed that had he known or understood that the first plea offer from the State would have resulted in a total sentence of twelve years, he never would have pled guilty to a sentence resulting in a twenty-year term of incarceration on the day of trial.

Both of the attorneys that represented Petitioner testified at the hearing. Petitioner was initially represented by appointed counsel. Appointed counsel recalled conveying two plea bargain offers to Petitioner from the State. One of those offers was for an effective sentence of twelve years to dispose of all the cases, or three, concurrent twelve-year sentences. Appointed counsel testified that Petitioner "declined that offer and told [her] he didn't want to accept any offer, so I told him I had nothing to go back to the State with as a counter offer." Appointed counsel did not see how Petitioner could have misconstrued this offer as an effective thirty-six-year sentence as Petitioner argued.

Petitioner then retained counsel and no longer required the services of appointed counsel. At that time the case had been pending for a while and it was nearly time for Petitioner's trial. Retained counsel, in reviewing the file, noted that there were already two plea offers given by the State. One of the plea offers consisted of twelve years for each count to run concurrently with one another for a total effective sentence of twelve years. Retained counsel had a copy of the notes from appointed counsel in the file indicating that appointed

counsel had reviewed and explained these offers to Petitioner. The file also contained signed copies of declarations signed by Petitioner indicating his rejection of the plea offers. Retained counsel also had open-file discovery with the State. Retained counsel testified that the last offer received by the State prior to the actual plea was twelve years. She explained to Petitioner that this was for "everything." Retained counsel also recalled that as the bargaining process progressed, the State indicated their desire to amend the indictments to reflect the school zone enhancements. The result of an amended indictment would be the possibility of increased jail time for Petitioner.

Retained counsel specifically recalled discussing the difference between consecutive and concurrent sentences. She sent Petitioner a letter outlining and confirming these conversations. Retained counsel expressed some frustration with Petitioner, stating that he was somewhat difficult to consult with from time to time. However, she was sufficiently pleased with her ability to discuss the offer with Petitioner prior to trial and Petitioner rejected the offer.

At the conclusion of the hearing, the trial court again denied the motion to withdraw the guilty pleas. The trial court commented:

> It was clear at the time this plea was entered that [Petitioner] was pleading guilty extremely reluctantly, but it was also clear that he was pleading guilty freely and voluntarily.
>
> It was also clear that he had the benefit of excellent legal advice from two different attorneys. The proof shows not only from the record of that Hearing, but from the testimony today, that he was properly advised of his rights, that he understood the offer. What he didn't understand, apparently, was how the State could hold him responsible for what he had done. He felt his offer was unfair, but he fully and freely accepted it and so, therefore, I'm denying his motion to withdraw that plea.

There was not a timely notice of appeal filed by Petitioner. In November of 2011, Petitioner filed a petition for post-conviction relief in the form of a delayed appeal in which he alleged that counsel failed to filed a timely notice of appeal of the trial court's denial of the motion to withdraw the guilty plea. In the petition, Petitioner alleged that his guilty plea was unknowing and involuntary; his conviction was based upon a coerced confession; and that he was denied effective assistance of counsel.

On June 18, 2012, a consent order was entered allowing a delayed appeal from the trial court's denial of the motion to withdraw the guilty plea. Petitioner argues on appeal that

-4-

the trial court erred in denying the motion to withdraw the guilty plea by: (1) failing to determine if Petitioner received ineffective assistance of counsel; (2) failing to determine if the plea was knowingly and voluntarily made; and (3) failing to determine whether a manifest injustice exists as a ground for the withdrawal of the plea.

*Analysis*

On appeal, Petitioner insists that the trial court improperly denied the motion to withdraw the guilty plea on the basis of ineffective assistance of counsel and that the plea was unknowing and involuntary. In the alternative, Petitioner argues that a manifest injustice requires the withdrawal of the plea. The State disagrees.

A defendant's right to withdraw a guilty plea is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure:

> (1) Before sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason.

> (2) After sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice.

In the case herein, Petitioner entered his guilty pleas on July 16, 2009. He was sentenced and the judgments were entered on the same day, and he filed the motion to withdraw his guilty pleas on July 23, 2009. Because Petitioner filed the motion to withdraw his guilty pleas "after the sentence [was] imposed but before the judgment[s] [became] final," the more demanding standard, "to correct manifest injustice," applies to our review of this issue. *State v. Crowe*, 168 S.W.3d 731, 741 (Tenn. 2005); *see* Tenn. R. Crim. P. 32(f). "This standard is based 'upon practical considerations important to the proper administration of justice.'" *Crowe*, 168 S.W.3d at 741 (quoting *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963)). In analyzing the meaning of "manifest injustice," this Court wrote:

> Rule 32(f) does not define "manifest injustice," however, courts have identified circumstances that meet the manifest injustice standard necessary for withdrawal of a plea. Withdrawal to correct manifest injustice is warranted where: (1) the plea was entered through a misunderstanding as to its effect, or through fear or fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered, and (4) the defendant

was denied the effective assistance of counsel in connection with the entry of the plea.

*State v. Virgil*, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008) (internal citations omitted). Appellant bears the burden of establishing that his plea should be withdrawn to correct a manifest injustice. *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995).

"A defendant does not have a unilateral right to withdraw a plea." *Crowe*, 168 S.W.3d at 740; *see also State v. Mellon*, 118 S.W.3d 340, 345 (Tenn. 2003) (stating that once a defendant enters a guilty plea, he cannot later withdraw it as a matter of right). "[A] defendant's change of heart about pleading guilty or [his] dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal." *Crowe*, 168 S.W.3d at 743 (citing *Turner*, 919 S.W.2d at 355). Whether a defendant should be allowed to withdraw his guilty plea is left to the sound discretion of the trial court, regardless of when the motion is filed. *Turner*, 919 S.W.2d at 355 (citing *Henning v. State*, 201 S.W.2d 669, 671 (Tenn. 1947); *State v. Drake*, 720 S.W.2d 798, 799 (Tenn. Crim. App. 1986); *State v. Anderson*, 645 S.W.2d at 254 (Tenn. Crim. App. 1982)); *Crowe*, 168 S.W.3d at 740; *Mellon*, 118 S.W.3d at 345-46. An appellate court will not disturb the trial court's ruling unless a clear abuse of discretion is evident on the face of the record. *Crowe*, 168 S.W.3d at 740; *Turner*, 919 S.W.2d at 355. A trial court abuses its discretion if the record fails to contain substantial evidence to support the trial court's conclusion. *Crowe*, 168 S.W.3d at 740; *Goosby v. State*, 917 S.W.2d 700, 705 (Tenn. Crim. App. 1995).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. *Boykin*, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S.W.2d at 904.

Petitioner's guilty plea colloquy, which is included in the record, demonstrates that he agreed that he understood the plea agreement and that the trial court fully explained both

the charges and the corresponding sentences. During the plea colloquy, Petitioner admitted that he was unhappy with his attorney because he had a "misunderstanding" about the "pleas that were on the table at the beginning" then ultimately the "scenario turned out worse." Despite this "misunderstanding" Petitioner indicated his acquiescence to pleading guilty to three counts in exchange for an outside-the-range sentence of twenty-years prior to the State's amendment of the indictments to reflect that two of the sales occurred in a school zone. Petitioner further indicated that he understood his rights and the sentence he was about to receive and was ready to plead guilty. On this record, we cannot find that the trial court in any way abused its discretion in denying Appellant's motion as there was no manifest injustice that would require the withdrawal of the guilty pleas. This issue is without merit.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE