IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 6, 2017

## STATE OF TENNESSEE v. JASON WILLIAM KIRK

**Appeal from the Circuit Court for Madison County**
**No. 15-491    Kyle Atkins, Judge**

_____

### No. W2016-01940-CCA-R3-CD

_____

The Appellant, Jason William Kirk, appeals the Madison County Circuit Court's denial of his motion to withdraw his guilty pleas to theft of property valued $10,000 or more and evading arrest and resulting effective fifteen-year sentence. Based upon the record and the parties' briefs, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Joshua B. Dougan, Jackson, Tennessee, for the appellant, Jason William Kirk.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. Woodall, District Attorney General; and Ben Mayo, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

In November 2015, the Madison County Grand Jury indicted the Appellant for theft of property valued $10,000 or more but less than $60,000, a Class C felony, and evading arrest, a Class E felony. On February 8, 2016, he pled guilty to the charges. According to the written plea agreement, he was to receive a fifteen-year sentence for theft and a six-year sentence for evading arrest with the sentences to be served concurrently with each other but consecutively to any prior sentences. The Appellant also was to serve the sentences at sixty percent release eligibility.

At the guilty plea hearing, the State advised the trial court that the Appellant was a career offender. The court asked if the Appellant understood that, as a career offender, he was pleading guilty to theft of property valued over $10,000 in exchange for a fifteen-year sentence "at sixty percent" and evading arrest in exchange for a six-year sentence "at sixty percent." The Appellant answered yes to both questions. Defense counsel stipulated to the facts in the indictment, which showed that on June 30, 2015, the Appellant stole a vehicle from Ford of Murfreesboro and fled from police officers when they tried to stop him. The trial court accepted the Appellant's guilty pleas.[1]

The Appellant subsequently filed a pro se motion to withdraw his pleas. Although the motion is not in the appellate record, the State's April 1, 2016 response is included and reflects that the Appellant alleged in his motion that trial counsel advised him that he could not be considered a career offender because he did not have the required number of prior convictions.[2] The Appellant also alleged in his motion that he had only four prior convictions. However, the State listed in its response twenty-two prior felony convictions in Tennessee and three prior felony convictions in Utah that it claimed qualified the Appellant as a career offender. The State asserted in the response that it disclosed the prior convictions to the Appellant before he entered his guilty pleas.

The trial court held a hearing on the motion. At the outset of the hearing, the court asked if the motion "was just going to be a Motion to Withdraw the Guilty Plea," and defense counsel answered that the Appellant had "decided not to pursue a post-conviction proceeding at this point."

The Appellant testified that he was in prison while awaiting trial in this case and that he worked in the prison's legal library. Trial counsel met with him one time in prison before trial. During the meeting, trial counsel told him that she had not received a plea offer from the State and that "[they] were going to have to see what happened when [they] got to court." At court, trial counsel met with the Appellant in the inmate waiting area and told him about a plea offer from the State in which he would receive a fifteen-year sentence "at sixty percent." She also told him the offer was "a one-time only deal." If he did not accept the offer that day, he was going to have to go to trial and "be hit with the max of twenty-six years." The Appellant asked trial counsel why the offer was "a one-time thing," and she told him that he was "being enhanced." The Appellant said he was very surprised by the offer because he did not think he should receive that much

---

[1] Although the Appellant pled guilty on February 8, the judgments of conviction were not entered until March 4, 2016.

[2] The Appellant notes in his brief that the motion is not in the appellate record. It is the Appellant's duty to prepare a record which conveys a fair, accurate, and complete record on appeal to enable meaningful appellate review. See Tenn. R. App. P. 24(a). The Appellant should have requested permission to supplement the record with the motion pursuant to Rule 24(e), Tennessee Rules of Appellate Procedure.

"time."

The Appellant testified that he asked trial counsel about the basis for his career offender classification but that she "wasn't really able to give [him] much information on what it was based off of." He said he never saw a notice of enhanced punishment from the State. Had the State filed a notice, the Appellant would have requested that "we look into it" because he did not think he was a career offender. The Appellant said that he had about twenty-five minutes to decide whether to accept the State's offer and that "if I would have had more time to research it I could have argued more the issues at the time before I took the plea."

The Appellant testified that "one of [his] old charges had three aggravated assaults." After he filed his motion to withdraw his guilty pleas, he learned from the State's response that the State "split those up into three separate aggravated assaults and three separate convictions." He explained as follows:

> In -- in 2003 I was in a high-speed chase. And in the high-speed chase I come in contact with a couple [of] sheriff's cars.
>
> And there was no injuries to anybody, but I guess based on the law I was charged with [an] aggravated assault for every time I come in contact with a sheriff car; you know, them ramming me, me, you know -- through the incident of stopping me. And that has -- There was three charges, but I was -- They were all ran concurrent to each other.

On cross-examination, the Appellant testified that despite his numerous prior convictions and experience in court, he panicked and accepted the State's plea offer in this case because he had never faced that amount of time in prison. He acknowledged that he discussed his prior convictions with trial counsel but said that she "never brought up career offender" prior to his guilty pleas. The State showed the Appellant his guilty plea form. He acknowledged signing the form and that the form stated he was agreeing to fifteen-year and six-year sentences to be served at sixty percent, which were career offender sentences. He also acknowledged that he received a benefit to his guilty pleas; had he gone to trial and been convicted, he could have received consecutive sentencing for an effective sentence of twenty-one years.

On redirect examination, the Appellant testified that the State's list of his offenses in its response to his motion was "long" but that "a lot of those offenses fall under one conviction." On recross-examination, the State asked him to explain, and he testified that if multiple convictions occurred within the same twenty-four-hour period, they counted as one conviction for sentencing purposes unless they involved an immediate threat to

life. He acknowledged that the three aggravated assaults involved bodily injury to police officers and that they did not fall under the twenty-four-hour rule.

At the conclusion of the Appellant's testimony, the trial court reviewed his prior convictions with him, one-by-one. The Appellant acknowledged that the convictions listed in the State's response were correct.

Christie Hopper testified for the State that she represented the Appellant in this case and that she discussed his prior criminal history and whether he might be a career offender with him. The State did not file a notice to seek enhanced punishment. However, the Appellant's prior convictions were in the discovery materials and were part of plea negotiations with the State. Trial counsel acknowledged that the Appellant knew he was pleading guilty as a career offender.

On cross-examination, trial counsel testified that the Appellant would have received "a lower sentence" if he had been sentenced as a Range II or Range III offender instead of a career offender. She acknowledged that the State was required to file a notice to seek enhanced punishment at least ten days before trial but that the State did not do so here. Defense counsel asked, "[If the Appellant had accepted a blind plea, would] the Court have been limited to sentencing him as a Range I offender because of the absence of enhancement notice?" Trial counsel replied, "I cannot answer that." On redirect examination, trial counsel testified that she would not have recommended that the Appellant accept a blind plea in this case.

The trial court noted that the Appellant was "obviously well-versed in the criminal justice system" when he entered his guilty pleas and found that he failed to show "manifest injustice" by his pleas. The court found trial counsel credible and noted that she said she went over the Appellant's criminal history and career offender status with him. The court found the Appellant not credible and stated that the Appellant "understood everything that was going on during the course of the plea negotiations." The court concluded that the Appellant had enough prior felonies to be considered a career offender and that, in any event, he failed to demonstrate prejudice because he received a fifteen-year sentence instead of a twenty-one-year sentence. The court denied the Appellant's motion to withdraw his guilty pleas.

## II. Analysis

The Appellant contends that the trial court erred by denying his motion to set aside his guilty pleas. He contends that he suffered manifest injustice because trial counsel failed to advise him adequately about his being a career offender. He also contends, without any explanation, that "his plea was entered through fraud because some of his convictions should have counted as only one offense for sentencing purposes because they were executed during the 'continuation of a crime.'"

Generally, a guilty plea cannot be withdrawn as a matter of right. State v. Mellon, 118 S.W.3d 340, 345 (Tenn. 2003). Nevertheless, Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that "[b]efore sentence is imposed, the court may grant a motion to withdraw a guilty plea for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). However, "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2); see also State v. Green, 106 S.W.3d 646, 650 (Tenn. 2003). The decision to allow a defendant to withdraw a plea is a matter addressed to the sound discretion of the trial court. State v. Crowe, 168 S.W.3d 731, 740 (Tenn. 2005).

In the instant case, the Appellant did not indicate a desire to withdraw his pleas until after he was sentenced. Therefore, he was entitled to withdraw his guilty pleas only to correct manifest injustice. Rule 32 does not provide a definition of manifest injustice. Crowe, 168 S.W.3d 741-42. Regardless, our courts have determined that

> [w]ithdrawal to correct manifest injustice is warranted where:
> (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by Brady v. Maryland, 373 U.S. 83, 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

State v. Virgil, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008); see also State v. Turner, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). However, "a defendant's change of heart about pleading guilty or a defendant's dissatisfaction with the punishment ultimately imposed does not constitute manifest injustice warranting withdrawal." Crowe, 168 S.W.3d at 743.

The record reflects that at the guilty plea hearing, the trial court advised the Appellant that he was being sentenced as a career offender, that he would receive sentences of fifteen years for theft and six years for evading arrest, and that he would serve both sentences at sixty percent release eligibility. See Tenn. Code Ann. § 40-35-108(c) (providing that a career offender must serve the maximum punishment in Range III): Tenn. Code Ann. § 40-35-112(c)(3), (5) (providing that the maximum punishment in Range III for a Class C felony is fifteen years and for a Class E felony is six years); Tenn. Code Ann. § 40-35-501(f) (providing that a career offender does not become eligible for release until serving sixty percent of the sentence). The court asked if the Appellant

understood, and he said yes. Moreover, the Appellant testified at the hearing on his motion to withdraw his pleas that trial counsel told him the State's offer was for fifteen years to be served at sixty percent. Thus, we agree with the trial court that the Appellant has failed to demonstrate manifest injustice by his guilty pleas.

Next, we turn to the Appellant's claim that he did not have enough convictions to be considered a career offender. Relevant to this case, a defendant is a career offender if the defendant's conviction offense is a Class A, B, or C felony and the defendant has any combination of six or more Class A, B or C prior felony convictions, or the defendant's conviction offense is a Class D or E felony, and the defendant has at least six prior felony convictions of any classification. Tenn. Code Ann. § 40-35-108(a)(1), (3). Convictions for multiple felonies committed within the same twenty-four-hour period constitute one conviction for the purpose of determining prior convictions unless the statutory elements for the offenses include serious bodily injury, bodily injury, threatened serious bodily injury, or threatened bodily injury to the victim or victims. Tenn. Code Ann. § 40-35-108(b)(4).

The Appellant acknowledged at the hearing that the State's list of his prior convictions was correct. According to the list, the Appellant committed eight felonies in Tennessee on January 18, 2003, two felonies on April 29, 2007, three felonies on January 17, 2009, one felony on January 23, 2009, and four felonies on February 1, 2014. At least one of the felonies on each date was a Class C felony. Moreover, all three of the aggravated assaults the Appellant committed on January 18, 2003, were Class C felonies in which a statutory element of the offense was serious bodily injury. See Tenn. Code Ann. § 39-13-102(a)(1)(A) (2003). Therefore, those offenses are considered separate convictions. In sum, the Appellant has more than enough prior convictions to be considered a career offender. Although he maintains on appeal that he did not have enough prior convictions for career offender classification, he has failed to offer any proof of that claim. Thus, we conclude that the trial court did not abuse its discretion by denying his motion.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the Appellant's motion to withdraw his guilty pleas.

_____
NORMA MCGEE OGLE, JUDGE