IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 24, 2025

## QUADARIUS DESHUN MARTIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 24-063-1       Joseph T. Howell, Judge**

_____

**No. W2024-01472-CCA-R3-PC**

_____

Pursuant to a negotiated plea agreement, the Appellant, Quadarius Deshun Martin, pled guilty to seven offenses on April 4, 2024, and received an agreed-upon sentence of twelve years' incarceration.  Eighteen days later, the Appellant filed an unsigned, untitled, handwritten pleading in which he stated he wished to withdraw his guilty pleas, arguing that he pled guilty under duress and that trial counsel failed to investigate his case.  The trial court[1] entered an order construing the filing as a petition for post-conviction relief and appointing counsel.  At the subsequent evidentiary hearing, the trial court stated that it would hear both the Appellant's request to withdraw his guilty pleas and his petition for post-conviction relief.  Following the hearing, the trial court denied post-conviction relief but did not rule upon the Appellant's request to withdraw his guilty pleas.  The Appellant appealed, arguing the trial court erred by failing to find he received the ineffective assistance of counsel.  We ordered the parties to file supplemental briefs to address whether the trial court erred by construing the Appellant's filing as a petition for post-conviction relief despite his request to withdraw his guilty plea.  Following our review of the record, we reverse the judgment of the trial court and remand for consideration of the Appellant's motion to withdraw his guilty pleas.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

STEVEN W. SWORD, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., JOINED.  MATTHEW J. WILSON, J., filed a separate dissenting opinion.

Samuel W. Hinson, Lexington, Tennessee, for the appellant, Quadarius Deshun Martin.

---

[1] Although this appeal arises from the denial of post-conviction relief, because we conclude the lower court erred by considering the Appellant's filing as a petition for post-conviction relief, we will refer to it as the trial court for clarity.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin L. Barker, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

## I.    FACTUAL AND PROCEDURAL HISTORY

The Appellant was charged with two counts of aggravated assault and one count each of domestic assault and unlawful possession of a firearm by a convicted felon at some point prior to the charges giving rise to this appeal ("case number 23-232-1").[2]  The Appellant made bond and retained trial counsel, and a trial date was set for April 4, 2024. While released on bond, the Appellant was arrested, and on April 1, 2024, a Henderson County grand jury returned an indictment charging the Appellant with two counts of unlawful possession of a firearm by a convicted felon and one count of simple possession of marijuana relating to events occurring on or about December 31, 2023 ("case number 24-063-1").  After negotiating with the State, trial counsel presented the Appellant with a plea offer in which his felony charges of aggravated assault and unlawful possession of a firearm by a convicted felon in case number 23-232-1 would be reduced to misdemeanor charges in exchange for his otherwise pleading guilty as charged in both case numbers 23-232-1 and 24-063-1.  The State also agreed to recommend a sentence of twelve years' incarceration.  The Appellant accepted the plea offer.

On April 4, 2024, the trial court held a guilty plea submission hearing and advised him of his constitutional rights.  The Appellant testified he had reviewed the terms of his plea agreement with trial counsel and that he understood what he was doing in pleading guilty.  When the trial court noted that the Appellant seemed "hesitant," the Appellant conceded he had questions "about the two counts of the possession of a firearm."  He stated the firearm "wasn't mine, and I didn't know it was there.  That's my problem."  The trial court provided the Appellant the opportunity to speak with trial counsel, after which the Appellant testified he understood what he was doing by pleading guilty.  The trial court again advised the Appellant of his constitutional rights, and the Appellant testified he still wished to plead guilty.  The Appellant testified that he had not been forced or coerced into pleading guilty or that any promises had been made in exchange for his pleading guilty beyond the terms of the plea agreement.  The State summarized the terms of the plea agreement, and the Appellant stipulated that the facts contained in the indictments for both case numbers 23-232-1 and 24-063-1 were substantially true and correct.  The trial court

---

[2] The record does not include the underlying indictments or judgment forms in case number 23-232-1, nor does it indicate when these offenses were committed.

accepted the Appellant's guilty pleas and imposed an effective sentence of twelve years' incarceration.  Judgments were entered in case number 24-063-1 on April 11, 2024.

On April 22, 2024, the Appellant filed the following unsigned, untitled, handwritten pleading:

Dear Judge Howell[,] my name is Quadarius Martin[.]

I recently pled out to a 12 year sentence at 85% for a possession of firearm on April 4, 2024.

I would like to withdraw[] my guilty plea [d]ue to the fact that it was taken under [d]uress when my counsel ke[pt] telling me to take the plea[.]

When my counsel failed to investigate, had counsel investigated[,] counsel would have seen that I was not in possession of any firearm, the firearm did not belong to me[,] nor did the car th[at] the firearm was found in belong to me.

The [C]onstitution of the State of [T]ennessee section 9 states that, ["]In all criminal prosecutions[,] the accused hath the right to be heard by himself  and [his] counsel[."]  In this case I was not.

I am indigent an[d] request counsel for the proceeding to withdraw[] my guilty plea.

The trial court interpreted this filing as a petition for post-conviction relief and appointed post-conviction counsel with instructions to file any amended petition within thirty days of his appointment.  Post-conviction counsel did not file an amended petition.  The trial court record does not contain a response or answer by the State.

The trial court held an evidentiary hearing on September 4, 2024.  At the beginning of this hearing, the trial court stated, "We're here [on the Appellant's] motion to withdraw guilty plea and for post[-]conviction" relief.  The Appellant testified he retained trial counsel following his arrest in case number 23-232-1 at the recommendation of his fiancée, Trinity Baker.  The Appellant stated he was released on bond in case number 23-232-1 when he was arrested in case number 24-063-1.  The Appellant recalled that he was arrested shortly after Ms. Baker picked him up from a friend's home.  The Appellant testified he quickly fell asleep in the passenger seat of Ms. Baker's vehicle.  When he awoke, he saw "blue lights" flashing behind the vehicle.  The police subsequently searched Ms. Baker's

vehicle and recovered a firearm and marijuana. The Appellant maintained that the firearm belonged to Ms. Baker and that he did not know it was in her vehicle prior to its recovery.

The Appellant further testified that trial counsel filed a motion for discovery at the outset of her representation but only gave the Appellant "[a] small part of" the discovery materials she received. He averred that he wanted to go to trial because he did not believe the State had sufficient evidence to convict him as charged, and he informed trial counsel that he wanted to proceed to trial. Despite this request, trial counsel nevertheless began plea negotiations and ultimately presented the Appellant with a plea offer from the State approximately two days before his trial was set to begin. He recalled the State's offering to recommend an effective sentence of twelve years' incarceration and to reduce his felony charges to misdemeanor charges in case number 23-232-1 in exchange for his pleading guilty as charged to the remainder of the counts in both case numbers 23-232-1 and 24-063-1. The Appellant testified trial counsel encouraged him to accept this plea offer despite his noted desire to proceed to trial because he "could be facing twenty to forty years" if convicted as charged.

The Appellant estimated he met with trial counsel "[m]aybe twice" before his guilty plea submission hearing and asserted she never discussed the strengths and weaknesses in the State's evidence nor any potential defenses the Appellant could present at trial during these meetings. The Appellant testified he ultimately pled guilty on April 4, 2024, because he was afraid of receiving a higher sentence if convicted. The Appellant stated he now wished to withdraw his guilty pleas and proceed to trial.

On cross-examination, the Appellant agreed that he signed his guilty plea paperwork voluntarily and that the trial court reviewed the terms of the plea agreement "line by line" with him at the guilty plea submission hearing. He also agreed that he testified at the hearing that he was "freely and voluntarily" pleading guilty. He testified that trial counsel successfully negotiated his felony charges of aggravated assault down to misdemeanor charges of simple assault.

Trinity Baker, the Appellant's fiancée, testified that she owned the firearm recovered from her vehicle when the Appellant was arrested. She asserted that photographic evidence established her ownership and that she was prepared to testify accordingly if the Appellant had gone to trial. Ms. Baker recalled discussing her intent to testify with trial counsel.

On cross-examination, Ms. Baker agreed she testified at the Appellant's bond revocation hearing that she had lied to the police following the Appellant's arrest. She recalled discussing her intent to testify at the Appellant's trial with trial counsel and that following this discussion, trial counsel informed her that her credibility would be "an issue"

at the Appellant's trial. Ms. Baker was unsure whether trial counsel ever discussed the potential problem of her credibility with the Appellant.

Ms. Baker testified that she advised the Appellant against accepting the State's plea offer and that she believed he nevertheless accepted it because he felt "pressured" to do so. She stated the Appellant was presented with the plea offer less than twenty-four hours before his trial was set to begin. Ms. Baker maintained she was prepared to testify and to be subject to cross-examination at the Appellant's trial if he was permitted to withdraw his guilty pleas.

Trial counsel testified she first began working with the Appellant after his bond was revoked in case number 23-232-1 on January 26, 2024. She stated Ms. Baker called her on February 1, 2024, to ask her to "go see" the Appellant. Trial counsel interviewed Ms. Baker, who told her she had "lied to the police." Trial counsel advised Ms. Baker to seek independent legal counsel, but Ms. Baker declined to do so and "decid[ed] to continue with the assertion that she had lied previously to the police." Trial counsel also interviewed the Appellant, who maintained he did not understand how the State could prove he was in possession of the firearm recovered from Ms. Baker's vehicle if the firearm was under his seat and he did not know it was present. Trial counsel discussed the facts of the Appellant's case with him and represented him at his preliminary hearing.

Trial counsel stated she was formally retained on March 6, 2024, and that she gave birth on March 11, 2024. She asserted she continued to prepare for the Appellant's April 4, 2024 trial and engaged in plea negotiations while on maternity leave. Trial counsel testified that she filed a motion for discovery shortly after she was retained in case number 23-232-1 and that she reviewed the evidence she received with the Appellant. After "going through all the discovery" and negotiating with the prosecutor, trial counsel received the State's plea offer on April 2, 2024, the day after the Appellant's indictment in case number 24-063-1. Pursuant to this plea offer, the State agreed to recommend a sentence of twelve years' incarceration and to reduce the Appellant's felony charges for aggravated assault and unlawful possession of a firearm by a convicted felon in case number 23-232-1 down to misdemeanor charges in exchange for the Appellant's pleading guilty as charged to the remaining counts in case numbers 23-232-1 and 24-063-1. Trial counsel stated she "immediately went and met" with the Appellant to explain the terms of the plea offer. She recalled explaining both the "benefits" and "disadvantages" of the Appellant's acceptance of the plea offer and advised him that she believed "it was in his best interest to accept this plea offer when looking at what he was possibly facing if it all went forward." She also stated she advised the Appellant he could potentially face a much longer sentence if he rejected the State's plea offer, proceeded to trial, and was convicted as charged. She conceded she did not receive any discovery in case number 24-063-1 before the April 4, 2024 guilty plea submission hearing because the Appellant had been indicted just three

days before that hearing. She stated she nevertheless recommended that the Appellant accept the plea offer based upon her understanding of the case following her interviews with the Appellant and Ms. Baker, as well as the testimony presented at the Appellant's preliminary hearing.

Trial counsel testified she believed the Appellant understood the terms of the plea offer following their April 2, 2024 discussion. She noted that while she advised the Appellant to accept the plea offer, she also assured him she was prepared to proceed to trial if he preferred. She recalled discussing the potential issue Ms. Baker's credibility could pose if she testified at trial. The Appellant ultimately accepted the plea offer, and a guilty plea submission hearing was held on April 4, 2024, in place of the scheduled trial in case number 23-232-1.

Trial counsel recalled that during the Appellant's guilty plea submission hearing, he told the trial court, "he did not understand how he could be charged" with unlawful possession of a firearm by a convicted felon. The trial court called a brief recess in the Appellant's proceedings to permit trial counsel to speak privately with the Appellant. During this discussion, the Appellant reiterated his doubts about the sufficiency of the State's proof regarding his unlawful possession of a firearm by a convicted felon charge. Trial counsel reiterated she was prepared to proceed to trial if that was what the Appellant preferred, but maintained that she believed it was in the Appellant's "best interest" to accept the State's plea offer. At the conclusion of their discussion, the Appellant decided to accept the State's plea offer, and the guilty plea submission hearing resumed.

On cross-examination, trial counsel testified that the Appellant was primarily concerned with the length of his potential sentence if he was convicted as charged and that this concern motivated her to recommend the State's plea offer. She recalled she explained the potential "risks and benefits" of the Appellant's accepting the plea offer and believed she had "answered every question" the Appellant had prior to his guilty plea submission hearing. She stated she felt "irritated" when the Appellant said "he did not understand how he could be charged" with unlawful possession of a firearm by a convicted felon during his guilty plea submission hearing because she believed she and the Appellant had "extensively discussed everything" beforehand.

Neither party presented closing arguments following the close of proof. Considering the Appellant's pleading as a petition for post-conviction relief, the trial court accredited trial counsel's testimony. The trial court noted that although the Appellant was initially hesitant at the guilty plea submission hearing, he ultimately testified that he understood his constitutional rights, that he knowingly pled guilty, that the facts as alleged in both indictments were substantially true and correct, and that he was satisfied with trial counsel's representation. Accordingly, the trial court concluded the Appellant had failed

- 6 -

to prove he received the ineffective assistance of counsel because he failed to establish either deficient performance or prejudice resulting therefrom. The trial court entered a written order reiterating these findings of fact and conclusions of law on October 10, 2024. This timely appeal followed.

## II.    ANALYSIS

On appeal, the Appellant argues the trial court erred by failing to find he received the ineffective assistance of counsel. The State responds that the trial court lacked jurisdiction to consider the Appellant's filing as a petition for post-conviction relief because it was not signed and verified as required by the Post-Conviction Procedure Act. *See* Tenn. Code Ann. § 40-30-104(d). Therefore, the State argues the judgment of the trial court should be vacated and the Appellant's filing should be dismissed.

However, the State failed to raise the issue that the petition was unverified in the trial court. It is raised for the first time on appeal. Therefore, this argument is waived. *See State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017) (citing *Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009). A post-conviction court must give a petitioner who filed a post-conviction petition pro se, but fails to verify the petition under oath, the opportunity to correct the petition before dismissing it. Tenn. S. Ct. R. 28, § 6(B)(4)(b) (providing that "[n]o pro se petition shall be dismissed for failure to follow the prescribed form until the court has given petitioner a reasonable opportunity to amend the petition with the assistance of counsel"); see T.C.A. 40-30-106(d) (providing that if "the petition was filed pro se, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petitioner will be dismissed"). This court has reversed a post-conviction court's summary dismissal of a petitioner's pro se post-conviction petition based on the failure to properly verify the petition when the post-conviction court did not afford the petitioner the opportunity to correct the deficiency. *See, e.g., Price v. State*, No. M2010-01633-CCA-R3-PC, 2011 WL 2671821, at *4 (Tenn. Crim. App. July 7, 2011); *Harrison v. State*, No. E2009-00222-CCA-R3-PC, 2010 WL 3949344, at *2 (Tenn. Crim. App. Oct. 11, 2010).

This court also has recognized that when a petitioner files a pro se petition that is not verified and when the deficiency is not corrected after the appointment of counsel, a post-conviction court should not dismiss the petition unless the petitioner is provided notice of the deficiency and afforded an opportunity to correct it. *See Timberlake v. State*, No. W2008-00037-CCA-R3-PC, 2009 WL 302294, at *2-3 (Tenn. Crim. App. Feb. 5, 2009); *see also Ayers v. State*, No. W2010-01634-CCA-R3-PC, 2011 WL 2533795, at *4 (Tenn. Crim. App. June 24, 2011) (rejecting the State's argument that the petitioner's failure to verify the initial and amended post-conviction petitions warranted dismissal of the petitions when the State did not raise the issue until the appeal and the post-

conviction court could have given the petitioner the opportunity to correct the deficiency had the post-conviction court been made aware of the deficiency).

Turning now to the nature of the pro se filing, appellate courts generally have jurisdiction to consider only those issues which are properly preserved and presented for appellate review pursuant to the party-presentation principle. *State v. Bristol*, 654 S.W.3d 917, 923 (Tenn. 2022) (citing Tenn. R. App. P. 13(b)). Nevertheless, this court may consider an unpresented or unpreserved issue in order to prevent needless litigation, injury to the interests of the public, and prejudice to the judicial process, Tenn. R. App. P. 13(b), and must "grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires," Tenn. R. App. P. 36(a). This discretion is to be exercised sparingly, and only in those cases where consideration of an unpresented or unpreserved issue is necessary "to achieve fairness and justice." *In re Kaliyah S.*, 455 S.W.3d 533, 540 (Tenn. 2015). When this court considers an unpresented or unpreserved issue, it must give the parties to the appeal "fair notice and an opportunity to be heard on the dispositive issues." *State v. Harbison*, 539 S.W.3d 149, 165 (Tenn. 2018); *see also Bristol*, 654 S.W.3d at 927-28 ("At a minimum, an appellate court must give the parties notice of the specific issue it intends to address and sufficient time to review the record, conduct research, and prepare an argument *before* the court rules on the issue.") (emphasis in original). This requirement is generally satisfied through supplemental briefing. *Id*. at 928.

Accordingly, we ordered the parties to prepare supplemental briefs to address whether the trial court erred by considering the Appellant's filing as a petition for post-conviction relief and, if not, whether the trial court erred by failing to rule on the Appellant's request to withdraw his guilty pleas. In his supplemental brief, the Appellant argues the trial court properly considered his filing as a petition for post-conviction relief because he "made it clear that the plea was not intelligently or knowingly made because his former attorney did not adequately discuss the case" with him. The Appellant further argues the trial court erred in failing to rule on his request to withdraw his guilty pleas, but asserts "the only ruling would have been to dismiss" the motion because the Appellant's judgments had already become final, so that error was harmless. The State responds that the trial court did not abuse its discretion by considering the Appellant's filing as a petition for post-conviction relief. The State further contends that the trial court's denial of post-conviction relief was sufficient because it "was functionally equivalent to denying a motion to withdraw a guilty plea." We respectfully disagree with both parties.

Tennessee Rule of Criminal Procedure 32(f) provides that a trial court may grant a defendant's motion to withdraw his or her guilty plea under two scenarios. If the defendant files a motion to withdraw a guilty plea before the sentence is imposed, then the trial court may grant the motion "for any fair and just reason." Tenn. R. Crim. P. 32(f)(1). However, if the defendant files a motion to withdraw after the sentence is imposed but before the

judgment becomes final, the trial court may only permit the withdrawal of the guilty plea "to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). "[A] judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence." *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

Rule 32(f) does not define manifest injustice, so trial courts and appellate courts must make a case-by-case determination as to whether a manifest injustice has occurred. *State v. Turner*, 919 S.W.2d 346, 655 (Tenn. Crim. App. 1995). However, this court has previously determined that manifest injustice may occur when:

> (1) the plea was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*State v. Virgil*, 256 S.W.3d 235, 240 (Tenn. Crim. App. 2008). A trial court's disposition regarding a motion to withdraw a guilty plea is reviewed for an abuse of discretion. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Crowe*, 168 S.W.3d 731, 740 (Tenn. 2005)).

The Post-Conviction Procedure Act provides relief only when a petitioner's "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petitioner who seeks post-conviction relief must do so by filing a petition within one year "of the date of the final action of the highest state appellate court to which an appeal is taken." Tenn. Code Ann. § 40-30-102(a). If a petitioner does not appeal his or her initial judgment, then he or she must file a petition for post-conviction relief within one year "of the date on which the judgment became final." *Id*. The petition must also comply with the procedural and technical requirements provided in Code section 40-30-104. In a post-conviction proceeding, a petitioner has the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Tenn. S. Ct. R 28, § 8(D)(1). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against them, *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015) (citations omitted), while its application of the law to those factual findings and the conclusions drawn therefrom are reviewed *de novo* with no presumption of correctness, *Holland v. State*, 610 S.W.3d 450, 455 (Tenn. 2020) (citations omitted).

We conclude that the trial court erred by considering the Appellant's pleading as a petition for post-conviction relief. In his pleading, the Appellant explicitly stated he wished to withdraw his guilty pleas because he pled guilty "under [d]uress." He further alleged that trial counsel repeatedly told him to plead guilty and "failed to investigate his case." As stated above, these claims may properly form the basis of a manifest injustice supporting the withdraw of a guilty plea under Rule 32(f). He concluded his pleading by referencing his constitutional right to counsel and requesting the appointment of counsel to represent him "for the proceeding to withdraw[] my guilty plea." The trial court construed this pleading as a petition for post-conviction relief, appointed counsel, and held an evidentiary hearing. At the outset of that evidentiary hearing, the trial court noted that its purpose was to address both the Appellant's "motion to withdraw guilty pleas and for post[-]conviction" relief. The Appellant testified he understood the consequences of being permitted to withdraw his guilty pleas and nevertheless maintained that he wished to do so; Ms. Baker testified that she was willing to testify at the Appellant's trial if he was permitted to withdraw his guilty pleas; and trial counsel testified extensively about her interactions with the Appellant and his concerns with pleading guilty prior to and during the guilty plea submission hearing. Despite its statement at the outset of the evidentiary hearing that it was considering the Appellant's motion to withdraw his guilty pleas, the trial court made no further reference to that request and instead only denied post-conviction relief.

We disagree with the Appellant that "the only ruling would have been to dismiss" the Appellant's motion to withdraw his guilty pleas because his judgments had become final. The Appellant pled guilty on April 4, 2024, and judgments were entered on April 11, 2024. Judgments become final thirty days after entry, so the Appellant had thirty days from the entry of his April 11, 2024 judgments in which he could timely file a Rule 32(f) motion. The Appellant's pleading was filed on April 22, 2024, well within that thirty-day timeframe. Thus, dismissal based on timeliness would have been wholly inappropriate. On the other hand, because the Appellant's judgments were not yet final when he filed his pleading, it would have been a prematurely filed post-conviction petition. Tenn. Code Ann. § 40-30-102(a); *see also Robinson v. State*, No. E2015-00038-CCA-R3-PC, 2016 WL 721706, at *2 (Tenn. Crim. App. Feb. 24, 2016) ("Without an order disposing of the [petitioner's] motion [to withdraw his guilty plea], there was no evidence that the petitioner's judgment had become final, meaning that his petition for post-conviction relief would have been filed prematurely and that this court would not have had jurisdiction to hear the petitioner's appeal."), *no perm. app. filed* (citing *Gibson v. State*, 7 S.W.3d 47, 50 (Tenn. Crim. App. 1998); Tenn. Code Ann. § 16-5-108(a)(1) (2010)). Thus, whether or not the pro se filing was a timely motion to withdraw his guilty plea, it could in no way be considered a timely petition for post-conviction relief because judgment had not yet become final when the instrument was filed, and neither the trial court nor this court would have jurisdiction to consider it.

As the State notes in supplemental briefing, trial courts have discretion to treat pleadings according to the relief sought therein. *Carter v. Bell*, 279 S.W.3d 560, 563 (Tenn. 2009) (citing *Norton v. Everheart*, 895 S.W.2d 317, 319 (Tenn. 1995)). The State also notes that trial courts are not bound by the titles of pleadings in interpreting them, *Norton*, 895 S.W.2d at 319, and that the trial court thus "did not abuse its discretion in construing [the pleading] in a manner that it could grant the relief [the] Appellant sought if his allegations were true." Setting aside the fact that the Appellant's pleading was untitled, the pleading explicitly requested to withdraw his guilty pleas, the Appellant presented evidence in support of that request at the evidentiary hearing, and the trial court acknowledged his request at the outset of the evidentiary hearing but failed to rule upon it. Therefore, beyond the timeliness concerns with treating the Appellant's pleading as a petition for post-conviction relief, the trial court erred by failing to address the Appellant's request to withdraw his guilty plea. As this court has previously held, the appropriate remedy for a post-conviction court's errant consideration of a Rule 32(f) motion as a petition for post-conviction relief is to reverse the post-conviction court's judgment and remand with instructions to consider the pleading as a Rule 32(f) motion. *See, e.g.*, *Rankin v. State*, No. W2013-01216-CCA-R3-PC, 2014 WL 3537893, at *2-3 (Tenn. Crim. App. July 16, 2014), *no perm. app. filed*; *Hearing v. State*, No. E2006-00362-CCA-R3-PC, 2006 WL 3813625, at *2 (Tenn. Crim. App. Dec. 28, 2006), *no perm. app. filed*; *Adams v. State*, No. E2001-02765-CCA-R3-PC, 2003 WL 21221958, at *2 (Tenn. Crim. App. May 27, 2003), *no perm. app. filed*.

We acknowledge the Dissent's accurate statement that counsel for the Defendant never claimed the error found by this court nor requested the relief being given. However, as stated above, we respectfully find that counsel for the Defendant is wrong and the only available remedy to the trial court's error is that commanded in *Rankin*, *Adams*, and *Hearing*. In *Hearing*, this court stated:

> In this appeal, neither the petitioner nor that [sic] state challenges the trial court's order to treat the petitioner's motion to withdraw guilty pleas as a petition for post-conviction relief. However, we conclude that the trial court erred in this regard and that the case should be remanded to the trial court for consideration of the petitioner's original motion to withdraw his guilty pleas.

*Hearing*, 2006 WL 3813625 at *1.

Several legal principles require this remedy. Firstly, there are significant differences in the procedural requirements and standards of review between a Rule 32(f) motion to withdraw a guilty plea and a petition for post-conviction relief. A Rule 32(f) motion is "in its nature a part of the conviction case," while a petition for post-conviction relief is "in its nature a collateral attack on a final conviction." *Lessenberry v. State*, No. W2010-01549-

- 11 -

CCA-R3-PC, 2011 WL 13165163, at *10 (Tenn. Crim. App. Oct. 10, 2011) (citing Tenn. R. Crim. P. 32(f)(2); Tenn. Code Ann. § 40-30-102), *no perm. app. filed*. As discussed above, the timeliness requirements also differ; as relevant here, a defendant seeking to withdraw his guilty plea after the entry of judgments of conviction must do so *before* the judgments become final, Tenn. R. Crim. P. 32(f)(2), whereas a petitioner seeking post-conviction relief must do so by filing a petition within one year *after* the judgments became final, Tenn. Code Ann. § 40-30-102(a). Additionally, a defendant must establish that withdrawal of his or her guilty plea is necessary to correct a manifest injustice in order to succeed in a Rule 32(f)(2) motion, whereas a petitioner seeking post-conviction relief must prove his or her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States" by clear and convincing evidence. Tenn. Code Ann. §§ 40-30-103, -110(f); Tenn. S. Ct. R. 28, § 8(D)(1). The standards of appellate review also differ; a trial court's disposition of a Rule 32(f) motion is reviewed for an abuse of discretion, *Phelps*, 329 S.W.3d at 443, while we review a post-conviction court's disposition of a petition for post-conviction relief *de novo*, *Holland*, 61 S.W.3d at 455.

The differences in the standards of review are particularly noteworthy in cases where, as here, a defendant seeking to withdraw his or her guilty plea alleges the ineffective assistance of counsel, because that claim is cognizable under both Rule 32(f)(2) and the Post-Conviction Procedure Act. *State v. Bumpus*, No. W2018-01034-CCA-R3-CD, 2019 WL 1896562, at *2 (Tenn. Crim. App. Apr. 2, 2019) ("Indeed, although there may be considerable overlap between the standards, manifest injustice allows a trial judge greater latitude than the constitutional requirements [of a petition for post-conviction relief] and is more inclusive and less stringent than constitutional abridgment."), *no perm. app. filed* (citing *State v. Lyons*, No. 01C01-9508-CR-00263, 1997 WL 469501, at *7-8 (Tenn. Crim. App. Aug. 15, 1997), *no perm. app. filed* (internal quotation marks omitted). The State acknowledges this and makes much of the fact that the remedy for a successful ineffective assistance of counsel claim – dismissal of the underlying conviction and remanding the case for a new trial – is the same regardless of whether that claim is raised under Rule 32(f)(2) or the Post-Conviction Procedure Act. *Crowe*, 168 S.W.3d at 752; *Grindstaff v. State*, 297 S.W.3d 208, 222-23 (Tenn. 2009). This fact, the State argues, is dispositive of this case, because the trial court's "conclusion would have been the same had the trial court construed his filing as a motion to withdraw his guilty plea." But the manifest injustice standard of proof required by Rule 32(f)(2) is less demanding than the clear and convincing evidence of a constitutional violation required by the Post-Conviction Procedure Act, and in that respect, a claim of ineffective assistance of counsel which may be unsuccessful under the Post-Conviction Procedure Act may nevertheless be availing under Rule 32(f)(2). *Bumpus*, 2019 WL 1896562, at *2; *see also Lyons*, 1997 WL 469501, at *7 ("[A]lthough the standards overlap, a trial court may, under some circumstances, permit the withdrawal of a guilty plea to prevent manifest injustice even though the plea meets the 'voluntary and

knowing' requirements of constitutional due process."). In short, the State presupposes that the trial court would have ruled in the same manner if it had considered the Appellant's pleading as a request to withdraw his guilty pleas under a less demanding standard of review. Because endorsing that argument would, in effect, substitute our judgment for that of the trial court, we cannot agree.

Accordingly, the judgment of the trial court is reversed, and this case is remanded for consideration of the Appellant's request to withdraw his guilty pleas. Because the trial court held an evidentiary hearing in this case in which the Appellant presented proof on his request to withdraw his guilty pleas, the trial court is not required to hold a new evidentiary hearing on remand, although it may do so if justice so requires. *Rankin*, 2014 WL 3537893, at *3; *Hearing*, 2006 WL 3813625, at *2.

### III. CONCLUSION

Following our review of the record and based on the foregoing analysis, we reverse the judgment of the trial court and remand for consideration of the Appellant's motion to withdraw his guilty plea.

s/ *STEVEN W. SWORD*  
STEVEN W. SWORD, JUDGE